STATE of Minnesota, Respondent,

v.

Bruce Kevin BUCHHOLTZ, Appellant.

No. 50756.

Supreme Court of Minnesota.

July 3, 1980.

Kurzman & Manahan, Marc G. Kurzman and Mary Wertz, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, William V. Von Arx, County Atty., Caledonia, for respondent.

YETKA, Justice.

The key issue on this appeal by defendant from his judgment of conviction of possession of marijuana with intent to distribute [1] is whether the affidavit in support of the application for the search warrant, which was based solely on information obtained from an unidentified informant known to the affiant, contained a sufficient showing of the informant's veracity to satisfy the veracity prong of the applicable two-pronged test explicated by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Holding that the affidavit satisfied this prong as well as the other prong, the basis-of-knowledge prong, we affirm the judgment of conviction.

Defendant, age 23, is the proprietor of the Eitzen Locker in Eitzen, which is a small town in Houston County in southeastern Minnesota on the Iowa border, and he resides in a building a block and a half away which used to be occupied by a bank.

On September 5, 1978, Robert Richards, Chief of the Police Department in Caledonia, which is approximately 10 miles away, went to a judge and sought a warrant to search defendant's residence. The affidavit which Chief Richards filed in support of his application read, in its entirety, as follows:

1. That Affiant is the Chief of Police of the City of Caledonia and has personally known the confidential, reliable informant which has provided the information herein.

---

1. Defendant waived a jury trial. The trial court sentenced defendant to a suspended 3–year prison term.

2. On September 5, 1978, Affiant received information from a confidential, reliable informant, who has been known to affiant a number of years, that an individual known as Bruce Buchholtz, residing at the above described premises, had purchased within the past 72 hours approximately 10 pounds of marijuana for which said person paid approximately $3,500.00.

3. The said confidential, reliable informant stated that the said Marijuana was kept in the former Eitzen State Bank located in the City of Eitzen and that the Marijuana was placed in a vault located in said bank. The informant described the interior of the building with particularity and stated that the said vault was located in the North side of the building on the main floor. Said reliable informant stated that the Marijuana was personally observed at the said location.

Chief Richards testified at the omnibus hearing that the issuing judge questioned him in detail and that he told the judge that the informant had given him accurate information on two previous occasions. The prosecutor elicited the fact that none of the prior information related to drug matters. Defense counsel tried to elicit what the prior information related to but the trial court prevented him from doing so. Chief Richards testified that the issuing judge may have had a tape recorder operating when they talked, but no recording or transcript was ever introduced of what was said.

At about 1 p. m., after Chief Richards obtained the warrant, Deputy Brian Wetterlin of the sheriff's office took the warrant and went to defendant's locker plant and asked defendant to step outside and talk. There he gave defendant a *Miranda* warning, showed him the search warrant which he was about to execute, and asked defendant if he wished to talk; defendant said he did. Deputy Wetterlin then summarized the information which was contained in the affidavit and asked defendant if it was true; defendant said that it was. Deputy Wetterlin then took defendant to defendant's residence and the warrant was executed, with defendant opening the large walk-in vault in which the marijuana was kept. Defendant later gave another incriminating statement after he was booked.

The district court refused to rely on any of Chief Richards' oral statements to the issuing judge. Basing his decision solely on the affidavit, he held that the affidavit "barely" passed the *Aguilar* test and he denied the motion to suppress. The district court impliedly rejected defendant's contention that the arrest preceding the search was without probable cause, a contention which we also reject.

In upholding the validity of the warrant, we, like the district court, do not rely on any of Chief Richards' oral statements to the issuing judge. Whether or not, absent a contemporaneous record, otherwise adequate oral statements under oath to a magistrate should be admitted to support an affidavit, we could not rely on the oral statements because (a) the record of the omnibus hearing does not establish that Chief Richards' oral statements to the issuing judge were under oath, and (b) the issuing judge was not called to testify at the omnibus hearing and the trial court did not find that Chief Richards in fact made the statements which he testified he made.

We therefore base our decision upholding the issuance of the search warrant solely on the affidavit. As we stated, the issue is whether the test explicated in *Aguilar v. Texas, supra*, was satisfied. The *Aguilar* test was summarized in *State v. Boerner*, 260 N.W.2d 564, 566 (Minn. 1977), as follows:

> Basically, the approach that is required by these cases is the so-called two-pronged analysis. That is, when a determination must be made whether there is or was probable cause to arrest or search partly on the basis of hearsay information, one must determine the reliability of the manner in which the informant obtained his information and the credibility of the informant or the reliability of his information. After measuring the informant's report against these standards in order to assess its probative value, the

determination then can be made whether there is or was probable cause to arrest or search.

As stated in *Boerner*, the so-called basis-of-knowledge prong is concerned with the reliability of the manner in which the informant obtained his information—for example, did he observe the illegality or is his information based on a casual rumor circulating in the criminal underground? In this case the affidavit states that the informant had personally seen the marijuana in the building within the previous 72 hours. This showing of recent personal observation satisfied the basis-of-knowledge prong. *See State v. Causey*, 257 N.W.2d 288 (Minn. 1977) and cases cited at 1 W. LaFave, *Search and Seizure*, § 3.3(d) (1978).

As the district court recognized, the issue of whether the affidavit satisfied the veracity prong is a closer issue. The veracity prong is concerned with the credibility of the informant or the reliability of his information on a particular occasion. If the informant is a so-called citizen informant, then he generally is presumed to be a credible informant. 1 W. LaFave, *Search and Seizure*, § 3.4(a) (1978). The state has not claimed at any time that the citizen-informant rule may be relied upon in this case and it is clear that the affidavit did not contain sufficient information about the informant to justify reliance on this rule. *See State v. Siegfried*, 274 N.W.2d 113 (Minn. 1978). The issue, therefore, is whether the affidavit contains other information about the informant's veracity to justify reliance on his information.

In addressing this issue we start with the proposition that *Aguilar v. Texas, supra*, and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), as well as our decision in *State v. Rosenthal*, 269 N.W.2d 40 (Minn. 1978), rejected as inadequate affidavits which described the informant as "credible" or "reliable." However, while we admit that the affidavit in this case was not a model one, we believe that it had sufficient additional information about the informant's credibility to justify reliance on his information. We refer to two key additional facts.[2] One key fact is that the affidavit states that the affiant has known the informant for a number of years. The second key fact is that this case arose in a sparsely populated rural community, not in a populous metropolitan area. These two additional facts establish that the affiant's conclusion as to the informant's reliability was based on his having known the informant personally, as one person knows another person in a rural small-town setting, for a number of years.

It thus appears to us that the affidavit stated a constitutionally adequate basis for the affiant's opinion as to the informant's veracity, especially when one considers that the United States Supreme Court has stated that "in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall." *United States v. Ventresca*, 380 U.S. 102, 106, 85 S.Ct. 741, 744, 13 L.Ed.2d 684 (1965). Also, as we stated in *State v. Nolting*, 312 Minn. 449, 254 N.W.2d 340 (1977), the exclusionary rule is directed at police misconduct. Here the police officer acted in good faith and did his best to comply with Fourth Amendment requirements by going to a magistrate and relying on the magistrate to make a determination of probable cause. Applying the exclusionary rule in such a case would not deter police misconduct but would punish good police conduct.

In summary, we hold that the affidavit was sufficient to satisfy the *Augilar* test and that therefore the magistrate properly

---

**2.** Whereas a wealth of details generally will not repair a defect in the veracity prong, it indirectly bears upon veracity "in a case where this prong is being satisfied on the basis of a relationship between the informer and officer such that the informer will suffer adverse consequences if his information turns out to be wrong." 1 W. LaFave, *Search and Seizure*, § 3.3(e) (1978). Stated differently, an informant "is less likely to be able to explain away his error satisfactorily if he has given many details." *Id.* However, we cannot characterize the affidavit in this case as containing a wealth of details. The only real detail is that there is a vault inside defendant's residence on the north side of the building on the main floor. But, as defendant points out, his residence used to be a bank and everyone in town knew where the huge vault was and where it continued to be.

issued the warrant and the trial court properly admitted the incriminating evidence obtained as a result.

Defendant also contends that the trial court, as finder of fact on the issue of guilt or innocence, clearly erred in finding that the substance possessed with intent to distribute was marijuana. There is no merit to this issue. *See State v. Dick*, 253 N.W.2d 277 (Minn. 1977). *State v. Vail*, 274 N.W.2d 127 (Minn. 1979), has no application to the facts of this case.

Affirmed.