STATE of Minnesota, Respondent,

v.

Debra Lynne BRAASCH, Appellant.

No. 81–621.

Supreme Court of Minnesota.

March 12, 1982.

Kurzman, Shapiro & Manahan and Marc G. Kurzman, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Kenneth W. Saffold, Sp. Asst. Attys. Gen., St. Paul, John Pearson, County Atty., Detroit Lakes, for respondent.

SIMONETT, Justice.

Defendant was convicted in district court, on stipulated facts,[1] of the crime of possession of hashish and was given a stay of imposition of sentence and placed on probation. On this appeal from judgment of conviction she makes a number of arguments in support of her contention that the district court erred in denying her pretrial motion to suppress the hashish on fourth amendment grounds. We affirm.

The investigation which led to the conviction of defendant began in early August 1979, when customs officials in Chicago lawfully opened a letter which bore postage stamps from the Netherlands and which was addressed to defendant at Box 411, Route 2, in Detroit Lakes. After analyzing the contents of the envelope and concluding that it was hashish, customs authorities resealed the envelope and forwarded it to the United States Postal Inspector in Fargo, C. R. Maxam.

Maxam contacted Sheriff Terry Shannon of Becker County, who learned from a confidential informant where defendant resided.

On or about August 23, 1979, Maxam delivered the letter to a rural mail carrier, who in turn delivered the letter to the correct mailbox. This mailbox was under visual surveillance by law enforcement officers, who saw a woman, later identified as defendant, drive up to the box, remove the envelope, then drive to her father's place, where she remained a few minutes, and then get in her car again and drive to the nearby residence which had been described by the informant as defendant's residence.

Upon receiving this information, Sheriff Shannon, with the assistance of an assistant county attorney, prepared an affidavit for a search warrant which read as follows:

That I have been contacted by U.S. Postal Inspector C. R. Maxam. That Maxam is assigned to Fargo, North Dakota. That Maxam informed me that he had in his possession a blue envelope approximately 6¼″ by 3½″ in dimension. Maxam stated that the envelope was addressed to one Deb Braasch, Box 411, Route 2, Detroit Lakes, Minn. 56501 USA.

According to Maxam, said envelope was seized on August 7, 1979 by U.S. Customs in the Port of Chicago, Illinois. That said envelope was opened by Chester Klick, Supervisory Customs Mail Technician. That the contents of the envelope were analyzed and same were found to be hashish. That the envelope was resealed and forwarded to Postal Inspector Maxam.

That on or about the 23rd day of August, 1979, Inspector Maxam delivered the aforementioned envelope and its contents to one Robert Pearson. That Robert Pearson is a rural mail carrier employed by the U.S. Post Office. That Pearson delivered the aforementioned envelope to the aforementioned box number.

---

1. In *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980), we approved use of the stipulation procedure as a means of avoiding the time and expense of trial while at the same time preserving fourth amendment evidentiary issues for appeal.

That deputies from the Becker County Sheriff's Department maintained surveillance of said box. That a young female removed the envelope from the box and returned to the northerly portion of a green duplex. That access to said duplex is gained by proceeding westerly from Becker County Road 21 on a road immediately to the south of the access road to the Kountry Manor Mobile Home Park. That said duplex is located immediately to the north of a second duplex.

That your affiant is familiar with a confidential informant. That said confidential informant has given information regarding the location of controlled substances and information regarding illegal activities to officers of the Becker County Sheriff's Department on several occasions. That said information has been followed up by law-enforcement officers and has proven to be correct.

That said confidential informant informed Officer John Sieling of the Becker County Sheriff's Department that within the past 72 hours, he/she has been inside the aforementioned duplex. That said confidential informant met an individual at the duplex and was informed she was Deb Braasch.

That said confidential informant prepared a sketch of the area. That the confidential informant placed a star indicating the location of the Deb Braasch residence. That a copy of said sketch is attached hereto and made a part hereof.

That based upon the foregoing, affiant believes that controlled substances are located on the person and premises of Deb Braasch.

After obtaining the search warrant the sheriff and a deputy joined the officers on the scene, who had defendant's residence under surveillance, and executed the warrant. Defendant cooperated in the search, showing the officers the location of the envelope, which had been opened, revealing a foil package containing what was later determined to be 14.6 grams of hashish. The officers also found a bag of marijuana seeds alongside the envelope.

Defendant makes a number of arguments in support of her contention that the search violated her fourth amendment rights. We need not discuss each of these arguments in detail.

■ We are satisfied that, contrary to what defendant argues, the affidavit was adequate to establish probable cause to believe that the substance in the envelope was hashish and that the hashish would be found in the described premises. *State v. Yaritz,* 287 N.W.2d 13 (Minn.1979); *State v. Nolting,* 254 N.W.2d 340 (Minn.1977).

■ Defendant's contention that a mistake of fact in the affidavit constitutes a reckless or knowing material misstatement of fact by the affiant—*see Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)—is without merit, in view of the district court's determination that the misstatement was an innocent one and that it was not material.[2]

■ Defendant's contention that the search warrant failed to adequately describe the premises to be searched is answered by our recent decision in *State v. Gonzales,* 314 N.W.2d 825 (Minn.1982).

Defendant's contention that the affidavit failed to establish that controlled substances other than hashish would be found in the described premises and that the search warrant authorizing seizure of such other substances was therefore overly broad are contentions that need not be addressed. There is no evidence that the executing officers conducted an overly broad search or discovered any other controlled substances as the result of the search.

In summary, we believe there is no merit to any of the issues raised by defendant, and we therefore affirm.

Affirmed.

---

2. The affidavit states that defendant went straight home after removing the letter from the mailbox when in fact she stopped at her father's residence for a few minutes before going to her nearby residence. This misstatement was not material because it was unlikely that defendant would leave the envelope at her father's residence rather than take it home with her.