**STATE of Minnesota, Respondent,**

v.

**David James JANNETTA, Appellant.**

**No. C8–84–577.**

Court of Appeals of Minnesota.

Sept. 25, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., David Olson, Asst. County Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, LaJune T. Lange, David Knutson, Asst. Hennepin County Public Defenders, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Jannetta appeals from a judgment of conviction for two counts of criminal sexual conduct in the first degree (Minn.Stat. § 609.342(a)) and one count of criminal sexual conduct in the second degree (Minn.Stat. § 609.343(a)).

We affirm.

## FACTS

About January 20, 1983, Detective Donald Spehn was asked for information concerning appellant by a Brooklyn Center police officer. Although the officer told Spehn that he was inquiring on behalf of parents who expressed some concern about

their son's contact with appellant, the officer did not indicate the nature of the contact.

One week after this inquiry, Spehn was contacted by Clint Berg, a family counselor for Northwest YMCA with T.E., a 12-year old male, who had indicated to Berg that appellant had sexually abused him.

When interviewed, T.E. claimed when he was 10 years old he had been to appellant's home approximately one hundred times. During those visits, appellant showed him photographs of other boys involved in various sexual acts with one another and depicting appellant in various sexual acts. Spehn learned from T.E.'s mother that T.E. had no contact with appellant in the two years since the family moved away. Finally, T.E. told Spehn that he remembered the first name of two boys pictured.

On the basis of this information, Spehn obtained a warrant to search appellant's apartment. It was executed, and a number of photographs and other personal property were seized, including an address book which showed the last name of one of the boys T.E. identified.

From the photographs, T.E. and J.B., the other identified child, were able to identify the four other boys appellant was charged with abusing.

On March 8, 1983, appellant was charged with six counts of criminal sexual conduct alleging he sexually assaulted six juvenile boys between May 1980 and December 1982. At the omnibus hearing, appellant moved to suppress all evidence seized when appellant's apartment was searched, claiming the evidence was obtained as a result of an illegal search and seizure. The omnibus court denied the motion and ordered the seized items and statements of witnesses be admitted at trial. On October 21, 1983, the defendant appeared for trial to the court on stipulated facts.

The appellant was found guilty of count I and count V, criminal sexual conduct in the first degree, and count III as amended to criminal sexual conduct in the second degree. Count II was dismissed. Count VI, criminal sexual conduct in the first degree, was placed on the miscellaneous calendar by agreement of the parties.

The trial court pronounced consecutive sentences and imposed 43 months each on counts I and V for a total of 86 months prison time. Appellant was sentenced on count III to 21 months with a stay of execution for 10 years. The trial court contemplated a probationary period of 10 years to begin after appellant served his two other consecutive sentences of imprisonment. Appellant was given credit for 314 days jail time spent in custody awaiting trial.

## ISSUES

1. Should evidence obtained pursuant to a search warrant which was based on incidents which occurred two years earlier be suppressed because the search warrant lacked sufficient probable cause to justify its issuance?

2. Is the omission of the information on which a search was based, which is approximately two years old, a deliberate or reckless misrepresentation requiring suppression of the evidence obtained?

3. Is a criminal complaint charging a single violation of law occurring within a time period of six months to two and two-thirds years so vague as to make defense impossible?

4. Is the sentence to a probationary period of ten years, to begin when appellant completed serving two other consecutive terms of imprisonment of 86 months, beyond the statutory limitation of fifteen years for criminal sexual conduct in the second degree?

5. Is a defendant, convicted of three separate crimes and sentenced to consecutive terms for each conviction, entitled to credit for time spent in custody awaiting trial on each term of imprisonment imposed by the court?

## ANALYSIS

1. The information of sexual contacts supplied by T.E. was two years old at the

time it was used to support an application for a search warrant of appellant's home. Appellant argues the information was too stale to establish probable cause for the search.

The fourth amendment to the United States Constitution and article I, section 10 of the Minnesota Constitution protect the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. A warrant may be issued only upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const. amend. IV; Minn. Const. art. 1, § 10.

■ In *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), the United States Supreme Court developed the exclusionary doctrine, barring evidence obtained through illegal searches and seizures by federal officers in federal courts. In *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), the United States Supreme Court required state courts to exclude all evidence obtained in violation of the fourth and fourteenth amendments even if obtained by a state officer. In addition, once a primary illegality is established, any evidence "come at by exploitation of that illegality" may not be used against the defendant, including any evidence uncovered by leads obtained during an illegal search. *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963).

■ The law of probable cause prevents the issuance of a search warrant on the basis of vague and uncertain information. Time is also crucial to the probable cause concept. *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir.1972).

■ Probable cause to search exists if it is established certain identifiable objects are probably connected with certain criminal activity and may probably be found at the present time. *See* 1 W. LaFave, *Search and Seizure* § 3.7, at 680 (1978); *see also Sgro v. United States*, 287 U.S.

206, 210–11, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932). Under the fourth amendment, the probable cause to search cannot be established by stale information. *United States v. Steeves*, 525 F.2d 33, 37–38 (8th Cir. 1975).

Staleness of information in a search warrant application is controlled by *Sgro*, where the United States Supreme Court established this standard:

> [P]roof must be of facts so closely related to the time of issue of the warrant as to justify a finding of probable cause at that time.

*Sgro*, 287 U.S. at 210, 53 S.Ct. at 140.

■ Appellate courts have refused to set arbitrary time limits in obtaining a warrant or to substitute a rigid formula for the judge's informed decision. *United States v. Beltempo*, 675 F.2d 472, 478 (2d Cir.), *cert. denied*, 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1353 (1982). Instead, the question must be determined by the circumstances of each case. *Sgro*, 287 U.S. at 210–11, 53 S.Ct. at 140. In viewing the circumstances of each case, magistrates must apply "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). The court's approach should be one of flexibility and common sense. *Beltempo*, 675 F.2d at 478.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Hanson v. State*, 344 N.W.2d 420, 423 (Minn.Ct. App.1984).

■ A number of factors may be examined in determining whether the information is stale. *State v. Yaritz*, 287 N.W.2d 13 (Minn.1979). Those factors include: the age of the person giving the information;

whether there is any indication of ongoing criminal activity; whether the items sought are innocuous or incriminating; whether the property sought is easily disposable or transferable; *Andresen v. State*, 24 Md. App. 128, 331 A.2d 78 (1975), *aff'd sub nom. Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 36, 46 L.Ed.2d 39 (1976); and whether the property would have enduring utility; *State v. Flom*, 285 N.W.2d 476, 477 (Minn.1979).

█ In any application for a search warrant, a gap of two years from the source of the information to the application for a warrant is of great concern. In the narrow circumstances of this case, however, the gap is less critical than it might be. The juvenile informant gave information about photographs, books and magazines containing photographs he saw in appellant's possession two years earlier. As the trial court noted, these items might be expected to be retained by a person engaged in ongoing criminal sexual conduct. The photographs would likely have enduring utility to the perpetrator for his own sexual gratification.

The trial court had evidence of a continuous course of conduct by appellant in victimizing the informant for a period of time prior to the informant moving from the neighborhood. Additionally, the detective whose affidavit supported the warrant testified he received a request for information by another police officer about appellant and that appellant was "befriending young males."

█ A· magistrate's determination of probable cause should be paid great deference by the reviewing court.

> [T]he duty of a reviewing court is to simply ensure that the magistrate had a substantial basis for concluding that probable cause existed.

*Gates*, 462 U.S. at ——, 103 S.Ct. at 2332. Given the narrow circumstance of this case, we find the information was not so stale it could not support the application for the warrant. The facts were sufficient to constitute probable cause.

Because the search of appellant's home was properly conducted pursuant to a valid search warrant, the testimony of the victims discovered through that search is not the fruit of an unconstitutional search and is not subject to suppression.

2. Appellant argues the affidavit misrepresented the facts and could not support probable cause because the affidavit did not explicitly state the reported conduct occurred two years earlier.

█ While a trial court may suppress evidence obtained as a result of deliberate or reckless misrepresentation of material facts, an innocent mistake or non-material misrepresentation is no basis for suppression. *State v. Braasch*, 316 N.W.2d 577, 579 (Minn.1982).

█ There is nothing in the record suggesting intentional misstatement or recklessness. Moreover, the omission of this information was not material given our resolution of the previous issue. The trial court did not err in refusing to suppress the evidence.

█ 3. A criminal complaint must inform the defendant of the crime charged. It should recite the essential facts which constitute the elements of the crime and which bring the activity within the scope of the criminal statute. *State v. Oman*, 265 Minn. 277, 281, 121 N.W.2d 616, 619–20 (1963).

█ A complaint is not required to allege a particular date on which the offense was committed unless the day is a material component of the crime. *State v. Stagg*, 342 N.W.2d 124, 126 (Minn.1984). Although a complaint should be as specific as possible with respect to time, absolute specificity is not necessary in a complaint alleging the sexual abuse of children. *State v. Waukazo*, 269 N.W.2d 373, 375 (Minn.1978). The test is whether vagueness creates a prohibitive burden on the defendant in preparing a defense. *State v. Bird*, 292 N.W.2d 3, 4 (Minn.1980).

█ In this case, the complaint states the alleged acts occurred "on several occa-

sions up until" a specified date. These youthful victims were unable to remember the exact dates of the alleged incidents and were able to inform investigators only of the last date the incidents occurred. Given the specificity regarding the names of the child victims, the place of occurrence and the range of time, it was not impossible for appellant to defend himself on these charges. *Waukazo*, 269 N.W.2d at 375.

◼ 4. In sentencing appellant on the three convictions of criminal sexual conduct, the trial court imposed 43 months for counts I and V to run consecutively. For count III, defendant was sentenced to 21 months with execution stayed for 10 years to run consecutively to the imprisonment. The sentence was not a dispositional or durational departure on any count. The consecutive sentences are permitted pursuant to Sentencing Guidelines II.F.2.

The statutory maximum sentence for criminal sexual conduct in the second degree is 15 years. Minn.Stat. § 609.343 (Supp.1983). Because appellant will serve 86 months of prison time on the other two counts before he begins his probation for criminal sexual conduct in the second degree, the total incarceration and probation time will total 17 years and two months. He claims this exceeds the statutory maximum of 15 years by two years and two months.

This sentence does not exceed the statutory maximum. The 86 month prison sentence for counts I and V must be severed from the stayed sentence for count III. The 10 years of probation was within the appropriate limits and will not be disturbed. Further, the sentence is not counterproductive to the state's sentencing goals, including that of rehabilitation. Sentencing Guidelines III.A.2.

5. Finally, appellant was given 314 days credit for the time spent in jail awaiting trial and sentencing. Minn.R.Crim.P. 27.-03, subd. 4(B) provides for credit against a sentence for time spent in custody. The sentencing court:

Shall assure that the record accurately reflects all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed. Such time shall be automatically deducted from the sentence and the term of imprisonment including time spent in custody as a condition of probation from a prior stay of imposition or execution of sentence.

*Id.; see also* Sentencing Guidelines III.C.

◼ Appellant claims the 314 days spent in jail should be credited three times, once against the sentence for each count, totaling 942 days of incarceration. While this argument is creative, it is not persuasive. Appellant's claim would result in appellant serving approximately 20 months less than his imposed sentence. The trial court clearly intended that appellant serve 86 months in prison, minus the time actually spent in jail awaiting trial.

## DECISION

We find no error in the admission of evidence obtained pursuant to the search warrant. The complaint was not so vague as to make appellant's defense impossible. The sentence was within the Sentencing Guidelines and accurately computed. The judgment of conviction and sentence are affirmed.

Affirmed.