STATE of Minnesota, Respondent,

v.

Gale Allen RACHUY, Appellant.

No. C3–84–1541.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., John R. Leitner, Aitkin Co. Atty., Aitkin, for respondent.

Gale Allen Rachuy, pro se.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

LESLIE, Judge.

## FACTS

On May 10, 1983, appellant Gale Rachuy was charged by a complaint in Aitkin County with theft by false representation. The charges stemmed from appellant's "sale" of a bulldozer which he did not own. He was in custody from May 13, 1983 to May 27, 1983 in the Aitkin County jail. Subsequently, appellant was in custody in other institutions as a result of separate charges pending against him in other counties. On May 30, 1984, he pleaded guilty in Aitkin County to theft by false representation. As a part of the plea, appellant agreed to a 37 month prison sentence, which represented a 12 month durational departure, concurrent with sentences currently being served, and appellant was to be given credit for jail time served on this matter as well as to have a misdemeanor check charge dismissed.

## DECISION

 1. Appellant's contention that he is entitled to credit for time spent in other county jails or at prison from December 1983 to May 30, 1984, is without merit because appellant was not in custody in connection with the Aitkin County charges.

*See State v. Patricelli,* 357 N.W.2d 89 (Minn.1984); *State v. Jannetta,* 355 N.W.2d 189, 195 (Minn.Ct.App.1984).

2. Denying appellant credit for time served in other institutions does not violate the plea agreement. The plea agreement does not contemplate appellant receive credit for time served from December 1983 to May 30, 1984.

3. Appellant is entitled to credit for jail time served in connection with the offense for which he was sentenced. Minn.R. Crim.P. 27.03, subd. 4(B). The record is unclear whether appellant served 15 or 20 days in Aitkin County in connection with the theft by false representation charge. Appellant claims two days from July 28, 1983 to July 29, 1983, and three days from May 29, 1984 to June 1, 1984. These days are in addition to the 15 days which the State acknowledges appellant served from May 13, 1983 through May 27, 1983. The record shows appellant appeared in Aitkin County on June 28, 1983 and on July 19, 1983. Because the record is unclear, we remand to the trial court for a determination of the number of days for which appellant is entitled to credit.

Affirmed and remanded for a determination of jail credit.