Gale Allen **RACHUY,**
petitioner, **Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C2–85–374.**

Court of Appeals of Minnesota.

July 16, 1985.

**238**

Gale Allen Rachuy, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and John R. Leitner, Aitkin Co. Atty., Aitkin, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

LESLIE, Judge.

## FACTS

In response to Rachuy's challenge of his sentence regarding his May 30, 1984 conviction for theft by false representation, we affirmed his sentence in *State v. Rachuy*, 358 N.W.2d 739 (Minn.Ct.App.1984) and we remanded to the trial court only for determination of the number of days of jail credit. By order of December 13, 1984, Rachuy was given credit for 20 days. Subsequently Rachuy filed a petition for post-conviction relief or a writ of habeas corpus or a motion to withdraw his plea. The trial court denied relief stating:

> Petitioner's application is without merit and pursuant to the provisions of M.S. 590.04, subd. 3, the Court has summarily denied the petition and motions herein for the reason that the essential issues have previously been raised or at least should have been raised and have been decided by the Court of Appeals * * *.

Rachuy appeals from the denial of his petition for post-conviction relief raising a number of issues regarding his sentence.

## DECISION

In *Case v. State*, 364 N.W.2d 797 (Minn. 1985) the Minnesota Supreme Court adhered to its rule that where a direct appeal has once been taken in a criminal case, all matters raised therein and all claims known but not raised will not be considered on a subsequent petition for post-conviction relief. This appeal falls within this principle.

Dismissed.