STATE of Minnesota, Appellant,

v.

Judy Lea VELISHEK,
Respondent (C8–87–397),

Francis Velishek, Jr.,
Respondent (CX–87–398).

Nos. C8–87–397, CX–87–398.

Court of Appeals of Minnesota.

Aug. 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paul G. Morreim, Freeborn Co. Atty., Albert Lea, for appellant.

Gerald W. Weinrich, Hoversten, Strom, Johnson & Rysavy, Austin, for Judy Lea Velishek.

Kelly P. Callahan, Tuveson, Goldman & Nelson, Albert Lea, for Francis Velishek, Jr.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

This is a pretrial appeal from an order suppressing evidence as improperly obtained by a search warrant issued without probable cause. We reverse and remand for trial.

### FACTS

On October 10, 1986, Freeborn County Deputy Sheriff Anton Wayne received a call from Barry Cummings, a Rice County Sheriff Investigator. Cummings told Wayne that Gerald Velishek had recently appeared in court and told the Rice County Attorney that his father was growing marijuana in the basement of their house. Wayne told Cummings he needed more information and Cummings replied that Vel-

ishek was being taken to Red Wing and would be questioned further.

Later that day, Cummings told Wayne that a transport officer talked with Gerald Velishek. Velishek said that about 1 to 1½ months earlier he had been in his father's home near Glenville. When he went downstairs in the basement, there was a room to the left painted white. The room contained growing lights and small marijuana plants. In an area in the center of the basement was a greenhouse room set up for growing additional marijuana.

Armed with this information, Wayne applied for a search warrant the next day and a judge signed the warrant. Wayne and another deputy then executed the search warrant. In the basement of the Velishek home, Wayne discovered what appeared to be marijuana sweepings on the floor and a large white box containing marijuana. Inside a basement room to the left of the stairs, he observed fluorescent growing lights with pots, potting soil, and perlite. Wayne seized a large number of marijuana stalks from a woodburning stove. Upstairs the officers seized items appearing to be marijuana.

Francis and Judy Velishek were charged separately with three counts of felony possession of marijuana. Analysis of the seized items revealed about 40 ounces of marijuana and 62 ounces of marijuana stalks. At a joint omnibus hearing, the same trial judge ruled that the search warrant application and affidavit did not recite sufficient facts to establish probable cause for the issuance of the search warrant. The court ruled that the resulting search and seizure of the Velishek home was unconstitutional, requiring the suppression of all evidence seized. The court thus dismissed all charges for lack of probable cause. The state perfected a timely appeal and we consolidated the cases for review.

## ISSUE

Did the trial court err in determining that probable cause did not exist to justify the issuance of the search warrant?

## ANALYSIS

Probable cause is determined under a "totality of the circumstances" test:

The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*State v. Wiley*, 366 N.W.2d 265, 268 (Minn. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)).

Great deference is given to the issuing judge's determination of probable cause. *Wiley*, 366 N.W.2d at 268. The United States Supreme Court stated in *Gates:*

[W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." "A grudging or negative attitude by reviewing courts toward warrants," is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; "courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a common-sense manner."

*Gates*, 462 U.S. at 236, 103 S.Ct. at 2331 (citations omitted). A reviewing court merely is to decide "whether the evidence viewed as a whole provided a 'substantial basis' for the [m]agistrate's finding of probable cause." *Massachusetts v. Upton*, 466 U.S. 727, 732–33, 104 S.Ct. 2085, 2088, 80 L.Ed.2d 721 (1984).

It is well-settled that hearsay may be used to show probable cause for the issuance of a search warrant. *State v. Maldonado*, 322 N.W.2d 349 (Minn.1982). *See Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In addition, the Minnesota Supreme Court has stressed that information is presumed reli-

able when it is from an identified citizen-informer as opposed to an unidentified informant from the criminal "underworld." *State v. Siegfried,* 274 N.W.2d 113, 115 (Minn.1978). Further, the fact that a witness has personally made the observations, such as seeing marijuana in a building, has been ruled sufficient to uphold a search warrant. *State v. Buchholtz,* 295 N.W.2d 629, 632 (Minn.1980).

■ With these principles in mind, the trial court erred in ruling that there was insufficient probable cause to issue a search warrant. The trial court, despite the fact it was reviewing its own decision, conducted a *de novo* review of its earlier determination instead of following the principles of deference discussed in *Gates* and *Wiley.* The court did not discuss the appropriate standard of review and instead engaged in an analysis more appropriate for an initial determination of probable cause.

■ The information provided to the issuing magistrate indicated that the informant not only was named, but was Francis Velishek's son. The affidavit recited in great detail that Gerald had personally observed the growing marijuana. In fact, the information stated by Gerald Velishek was confirmed in the resulting search.

The United States Supreme Court has observed:

> Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. * * * [R]esolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

■ Respondents claim that the information given by Gerald was stale because it recited that the growing plants were observed 1 to 1½ months earlier. Staleness of information in a search warrant is controlled by the principles set forth in *Sgro v. United States,* 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932), where the United States Supreme Court stated:

> [P]roof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case.

*Id.* at 210–11, 53 S.Ct. at 140.

In determining whether information is stale, several factors must be examined, including the age of the person giving the information, whether there is any indication of on-going criminal activity, whether the items sought are innocuous or incriminating, whether the property sought is easily disposable or transferable, and whether the property would have enduring utility. *See State v. Jannetta,* 355 N.W.2d 189, 193–94 (Minn.Ct.App.1984). In addition, the character of the crime is crucial because, when the acts are protracted and of a continuous nature, the passage of time is of less significance. 2 LaFave, *Search and Seizure,* § 3.7(a), 78 (2d ed. 1987). In *United States v. Minis,* 666 F.2d 134 (5th Cir.1982), the court ruled that information derived from a July 20, 1980 conversation allegedly referring to a growing crop of marijuana was not so stale as to invalidate a search warrant issued on October 18, 1980. The court stated that the growing of marijuana was a continuing process. *Id.* at 140. We agree that the evidence in this case provided to the magistrate was not so stale that the magistrate could not conclude that the marijuana would be present six weeks later. The information indicated there were small growing marijuana plants in the basement of the house and that there was a greenhouse in the basement.

■ Finally, the exclusionary rule is directed at police misconduct. Here, the police officer acted in good faith in going to a

magistrate and relying on the magistrate to make a determination of probable cause. Applying the exclusionary rule would not deter police misconduct, but would punish good police conduct. *Buchholtz,* 295 N.W.2d at 632. We need not decide the applicability of the "good faith" exception to the exclusionary rule, as enunciated in *U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We conclude that the trial court order suppressing the evidence obtained as a result of the search warrant must be reversed and the cases remanded for trial.

### DECISION

The trial court erred in determining that probable cause did not exist to justify the issuance of a search warrant.

Respondents are entitled to fees and costs pursuant to Minn.R.Crim.P. 28.04, subd. 2(6). Affidavits supporting said fees and costs shall be submitted to this court within ten (10) days of the issuing date of this opinion.

Reversed and remanded for trial.