*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1129**

State of Minnesota,
Appellant,

vs.

Vi Doan Huynh,
Respondent.

**Filed January 8, 2015
Reversed and remanded; motion granted
Connolly, Judge**

Anoka County District Court
File No. 02-CR-14-869

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Justin M. Collins, Assistant County Attorney, Anoka, Minnesota (for appellant)

John C. Conard, Law Offices of John C. Conard, Woodbury, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Connolly, Judge; and Minge, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**CONNOLLY**, Judge

In this pretrial appeal, the State of Minnesota challenges the district court's order suppressing the evidence found in respondent's home after the execution of a search warrant. Because there was probable cause to believe that respondent's residence contained evidence of a crime at the time the search warrant was issued, we reverse and remand.

## FACTS

At 11:51 p.m. on July 17, 2013, a police officer in Anoka County approached a car that was parked without its lights on and was impeding a lane of traffic. A driver was seated in the car; he told the officer that he was waiting for a friend, respondent Vi Doan Huynh, whose house was nearby.

The officer detected the odor of marijuana and asked the driver about it. The driver then got out of the car, went to the trunk, opened it, and showed the officer a plastic container of a marijuana mixture. The driver said he and respondent had just cooked the mixture, which was still warm. The officer then searched the car and found another plastic container holding about 480 grams of marijuana candy. The driver told the officer that, earlier in the day, he picked up respondent, who obtained from his residence the marijuana needed for the candy that the two of them had made.

On July 19, 2013, the officer included an account of these events in an affidavit that he submitted to apply for a search warrant of respondent's house and curtilage. A search warrant was issued.

On July 23, 2013, the search warrant was executed, and the officer found marijuana, materials and supplies to make marijuana candy, and what appeared to be a place to grow marijuana under construction in respondent's house. Based on this evidence, respondent was charged with one count of fifth-degree controlled-substance crime—possession of marijuana, and one count of attempted fifth-degree controlled-substance crime—sale of marijuana.

Respondent moved to suppress the evidence obtained from his house, arguing that: (1) the search warrant was based on information from an unreliable informant, i.e., the driver who spoke to the officer, and therefore did not provide probable cause; (2) there was no nexus between criminal activity and respondent's house; and (3) the search warrant was based on stale information. The district court rejected the arguments on the absence of probable cause for a search warrant and of a nexus between criminal activity and respondent's house, but agreed with respondent that the warrant was based on information that was stale when the warrant was issued and suppressed the evidence.

Appellant State of Minnesota (the state) challenges the suppression of the evidence and also moves to strike some items in respondent's brief.

## DECISION

### 1. Stale Information

To appeal a pretrial order suppressing evidence, the state must clearly and unequivocally show that the order had a critical impact on the state's ability to successfully prosecute the defendant and that the order was erroneous. *State v. Kim*, 398

N.W.2d 544, 547 (Minn. 1987). It is undisputed that the order suppressing the marijuana evidence had a critical impact.

"To avoid discouraging police from seeking review by a neutral and detached magistrate, doubtful or marginal cases are resolved in favor of upholding the warrant." *State v. Ruoho*, 685 N.W.2d 451, 456 (Minn. App. 2004). The standard of review appropriate for an appellate court reviewing a district court's probable cause determination made upon issuing a search warrant is the deferential, substantial-basis standard. *State v. Rochefort*, 631 N.W.2d 802, 804 (Minn. 2001). Probable cause to search exists if the items sought to be seized are "probably connected with certain criminal activity and may probably be found at the present time." *State v. Janetta*, 355 N.W.2d 189, 193 (Minn. App. 1984).

> Under the fourth amendment, probable cause to search cannot be established by stale information.
> . . . .
> Proof must be of facts so closely related to the time of issue of the warrant as to justify a finding of probable cause at that time.
> 
> Appellate courts have refused to set arbitrary time limits in obtaining a warrant or to substitute a rigid formula for the judge's informed decision. Instead, the question must be determined by the circumstances of each case. In viewing the circumstances of each case, magistrates must apply practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The court's approach should be one of flexibility and common sense.
> 
> The task of the issuing magistrate is simply to make a practical, common-sense decision [on] whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id.* at 193 (quotations and citations omitted).

4

> In determining whether information is stale, several factors must be examined, including . . . whether there is any indication of ongoing criminal activity, whether the items sought are innocuous or incriminating; whether the property sought is easily disposable or transferable, and whether the property would have enduring utility.

*State v. Velishek*, 410 N.W.2d 893, 896 (Minn. App. 1987) (citing *Janetta*, 355 N.W.2d at 193-94).

*Velishek* relied on *United States v. Minis*, 666 F.2d 134, 140 (5th Cir. 1982) (ruling that information from a July 20, 1980, conversation about a growing crop of marijuana was not so stale as to invalidate a search warrant issued on October 18, 1980, because growing marijuana is a continuous process), to conclude that evidence of marijuana growing in a place four to six weeks earlier "was not so stale that the magistrate could not conclude that the marijuana would be present" and reverse an order suppressing that evidence. *Velishek*, 410 N.W.2d at 896-97. Here, the officer approached the parked car at 11:51 p.m. on July 17, questioned the driver, went with the driver to the trunk of the car and saw the warm marijuana mixture, then searched the car and found the marijuana candy. Since only nine minutes of July 17 remained when the officer approached the car, some of this activity must have occurred on July 18. On July 19, the officer provided his affidavit and the warrant was issued. The passage of one or two days does not result in stale evidence under *Velishek*.

*Velishek* also noted that, "when the acts are protracted and of a continuous nature, the passage of time is of less significance." *Id.* at 896. Here, the driver showed the officer both a large amount of marijuana candy and a container in which still-warm

5

marijuana candy had just been cooked, indicating that the process was ongoing. The driver's car had no equipment for cooking; the cooking had been done very recently; and the car was parked near a residence the informant identified as belonging to respondent, who had supplied the marijuana and cooked it with the driver. There was "a fair probability" that marijuana, other ingredients, and cooking supplies were in that residence. *See Janetta*, 355 N.W.2d at 193.

The officer's affidavit stated (1) the driver told the officer that "[respondent] got the marijuana from inside the residence that they needed for their recipe"; (2) the officer found evidence of at least two instances of cooking marijuana—the warm mixture and the completed candy; and (3) the officer believed both marijuana itself and "[p]rimary containers used to store, preserve, manufacture, cook, or conceal" marijuana would be found in respondent's residence. When the warrant was issued, this information was only one or two days old; it was not stale. The officer's affidavit indicated that the items sought to be seized were probably connected with criminal activity and were probably to be found in respondent's house at that time. *See id.* Particularly because even "doubtful or marginal cases are resolved in favor of upholding the warrant," *Ruoho*, 685 N.W.2d at 456, the order suppressing the evidence is reversed and the matter is remanded.

## 2.    The State's Motion to Strike

The state argues that respondent, in a footnote to his brief, states "facts" that have no support in the record and that have not been litigated or found to exist by a factfinder. Respondent makes no citation to the record to support the alleged "facts." The state's

motion to strike is granted.[1]  *See* Minn. R. Civ. App. P. 110.01 (limiting the record to documents filed in the trial court, exhibits, and transcripts).

**Reversed and remanded.**

---

[1] The state also moves to strike documents not part of the record that were mistakenly included in its addendum and references to those documents in its brief.  The state's motion to strike is granted in its entirety.