*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0419**

State of Minnesota,
Respondent,

vs.

Charles Edward Erdmann,
Appellant.

**Filed February 2, 2015
Affirmed
Halbrooks, Judge**

Dakota County District Court
File No. 19HA-CR-13-2133

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Heather D. Pipenhagen, Assistant County
Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Joel O'Malley, Special Assistant
Public Defender, Dorsey & Whitney, LLP, Minneapolis, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Halbrooks, Judge; and
Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Following his conviction of first-degree controlled-substance crime, appellant

argues that the district court erred by denying his suppression motion because (1) there

was not a substantial basis for ruling that the search warrant was supported by probable cause and (2) the warrant was stale when the search was executed. We affirm.

## FACTS

In March 2013, the Dakota County Drug Task Force received information that appellant Charles Edward Erdmann was trafficking methamphetamine from a specified residential address in Lakeville. In May, Lakeville police officers identified the residents of the address as L.D. and her two minor sons and conducted surveillance, through which they observed a variety of vehicles associated with the residence. Officers learned that Erdmann had multiple recent arrests in Minnesota and Wisconsin for possession of controlled substances and paraphernalia, while L.D. had no criminal history. In June 2013, officers conducted a garbage pull at the residence and found three plastic baggies sealed together in a larger plastic baggie. One of the baggies contained a white powdery residue that tested positive for amphetamines. The garbage also contained a "prescription document" for one of the minor children, but the search-warrant application provided no further detail such as the medication prescribed or the date of the prescription.

On Sunday, June 30, 2013, an investigator applied for a warrant to search the residence based on an affidavit that recounted these events. A search warrant was issued that day. On Tuesday, July 9, 2013, the drug task force executed the search warrant, seizing 90 grams of methamphetamine and 85 pills identified as scheduled controlled substances. The state charged Erdmann with one count of first-degree controlled-substance crime (aid and abet), in violation of Minn. Stat. § 152.021, subd. 2(a)(1) (2012). The district court denied Erdmann's motion to suppress evidence seized in the

search. Erdmann proceeded to a bench trial on stipulated facts under Minn. R. Crim. P. 26.01, subd. 3, and the district court found Erdmann guilty. Erdmann now appeals.

## D E C I S I O N

## I.

Erdmann argues that there was not a substantial basis for a finding of probable cause and that therefore the district court erred in denying his suppression motion. We disagree. In addition to the amphetamine residue found in the garbage, the search-warrant application points to Erdmann's arrest record for similar crimes, information received from an unidentified source that Erdmann was trafficking methamphetamine from the house, and surveillance evidence.

Whether probable cause exists to issue a search warrant is determined under a "totality-of-the-circumstances" test. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983). "In reviewing the sufficiency of an affidavit under the totality of the circumstances test, [issuing judges] must be careful not to review each component of the affidavit in isolation." *State v. Wiley*, 366 N.W.2d 265, 268 (Minn. 1985). "[A] collection of pieces of information that would not be substantial alone can combine to create sufficient probable cause." *State v. Jones*, 678 N.W.2d 1, 11 (Minn. 2004). An issuing judge "is entitled to draw common-sense and reasonable inferences from the facts and circumstances given." *State v. Holiday*, 749 N.W.2d 833, 843 (Minn. App. 2008) (quotation omitted). The issuing judge is "to make a practical, commonsense decision whether . . . there is a fair probability that contraband or evidence of a crime will be

found in a particular place." *State v. Zanter*, 535 N.W.2d 624, 633 (Minn. 1995) (quotation omitted).

When a warrant is issued, "our review is limited to ensuring that the issuing judge had a substantial basis for concluding that probable cause existed." *State v. Harris*, 589 N.W.2d 782, 788 (Minn. 1999) (quotation omitted). We give "great deference" to the issuing judge's probable-cause determination. *State v. Rochefort*, 631 N.W.2d 802, 804 (Minn. 2001). "To avoid discouraging police from seeking review by a neutral and detached magistrate, doubtful or marginal cases are resolved in favor of upholding the warrant." *State v. Ruoho*, 685 N.W.2d 451, 456 (Minn. App. 2004), *review denied* (Minn. Nov. 16, 2004).

Contraband seized from garbage left for collection "can provide an independent and substantial basis for a probable-cause determination." *State v. McGrath*, 706 N.W.2d 532, 543 (Minn. App. 2005), *review denied* (Minn. Feb. 22, 2006). We concluded in *McGrath* that marijuana residue found in a garbage pull was sufficient to establish probable cause to search the residence because "the test is not whether the residual amounts of marijuana are criminal," but "whether those amounts support a reasonable expectation that more marijuana or other evidence of criminal activity will be found on the premises." *Id*. at 544. We have also concluded that a spoon with burn marks and a plastic bag containing cocaine residue found in the garbage were sufficient to establish probable cause for a search warrant for the house. *State v. Papadakis*, 643 N.W.2d 349, 356 (Minn. App. 2002); *see also State v. Dreyer*, 345 N.W.2d 249, 250 (Minn. 1984) (noting that marijuana residue in garbage supported a search warrant for the house).

Erdmann downplays the drug evidence found in the garbage pull, suggesting that the white powdery residue could be connected with the "prescription document." But the question is not whether the residual amounts of amphetamine are necessarily criminal. Rather, the question is whether amphetamine residue in a baggie found in the garbage supports a conclusion that "there is a fair probability that contraband or evidence of a crime will be found" in the house. *See Zanter*, 535 N.W.2d at 633 (quotation omitted).

Erdmann also challenges the lack of specificity on the timing of the garbage pull. But it is settled law that omission of time information, while discouraged, is not fatal under the totality-of-the-circumstances test. *Harris*, 589 N.W.2d at 789. Here, the affidavit provides only that the garbage pull occurred in June 2013. But because the affidavit is laid out generally in chronological order, with the garbage pull near the end, the issuing judge could have reasonably concluded that the garbage pull occurred shortly before the June 30 search-warrant application. And even if the garbage pull occurred earlier in June, the ongoing nature of the crime under investigation could support a conclusion that the drug evidence was not stale. *See State v. Velishek*, 410 N.W.2d 893, 896-97 (Minn. App. 1987) (concluding that evidence of a marijuana grow four to six weeks earlier "was not so stale that the magistrate could not conclude that the marijuana would be present").

The affidavit also includes Erdmann's history of related arrests.

> A person's criminal record is among the circumstances a judge may consider when determining whether probable cause exists for a search warrant. Courts also occasionally consider arrests not resulting in conviction, as when the arrest

5

> involves a crime of the same general nature as the one which the warrant is seeking to uncover.

*State v. Carter*, 697 N.W.2d 199, 205 (Minn. 2005) (citation and quotation omitted). Here, Erdmann's previous arrests were of the same general nature as the crime under investigation, and some were recent enough that judicial resolution was still pending. The issuing judge could reasonably give these arrests some weight in evaluating the totality of the circumstances.

The question before us is not whether probable cause existed that Erdmann was trafficking methamphetamine from the house, but whether the issuing judge properly concluded under the totality of the circumstances that there was a fair probability that contraband or evidence of a crime would be found there. In light of the great deference we give to the issuing judge and the preference for warrants, we conclude that under the totality of the circumstances, the search-warrant application here provides a substantial basis to conclude that probable cause existed.

## II.

Erdmann argues the district court erred in not suppressing the evidence found during the search because the information supporting probable cause for the search warrant was stale by the time the warrant was executed. A delay in executing a search warrant raises statutory and constitutional issues. *See State v. Yaritz*, 287 N.W.2d 13, 15-16 (Minn. 1979) (reviewing the delay for statutory and constitutional violations). Minnesota law provides that, absent circumstances not present here, "a search warrant must be executed and returned to the court which issued it within ten days after its date."

6

Minn. Stat. § 626.15(a) (2012). Here, the search warrant was issued on June 30 and executed on July 9 and therefore complies with the statutory deadline.

"'Whether a delay in executing a search warrant is unconstitutional depends on whether the probable cause recited in the affidavit still exists at the time of execution of the warrant—that is, whether it is still likely that the items sought will be found in the place to be searched.'" *State v. King*, 690 N.W.2d 397, 401 (Minn. App. 2005) (quoting *Yaritz*, 287 N.W.2d at 16), *review denied* (Minn. Mar. 29, 2005). Minnesota courts have declined to set arbitrary time limits in determining whether the probable cause underlying a search warrant has grown stale. *State v. Jannetta*, 355 N.W.2d 189, 193 (Minn. App. 1984), *review denied* (Minn. Jan. 14, 1985). "Instead, the question must be determined by the circumstances of each case." *Id.* The "approach should be one of flexibility and common sense." *Id*. "Relevant circumstances include the character of the crime, the character of the criminal, the character of the thing to be seized, and the character of the place to be searched." *King*, 690 N.W.2d at 401. Here, the investigation centered on methamphetamine trafficking, an activity of an ongoing, protracted nature. Particularly in light of Erdmann's recent arrest record, we conclude that the search warrant was not unconstitutionally stale when it was issued on June 30 and executed on July 9.

**Affirmed.**

7