**STATE of Minnesota, Respondent,**

v.

**Edwin LeRoy BOERNER, Appellant.**

**No. 46864.**

Supreme Court of Minnesota.

Oct. 28, 1977.

---

C. Paul Jones, Public Defender, Rosalie E. Wahl, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Arvid L. Wendland, County Atty., Blue Earth, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of receiving stolen property knowing it to be stolen, Minn.St. 609.53, subd. 1, and was sentenced by the trial court to a maximum indeterminate term of 10 years in prison. On this appeal from judgment of conviction defendant contends (1) that his warrantless arrest, which was based in part upon information given by an unnamed informant, was illegal so as to render inadmissible evidence seized from the car which he was driving at the time of his arrest, and (2) that the trial court erred in failing to define the terms "knowing" and "believing" and in failing to instruct the jury that receiving stolen property believing, rather than knowing, it to be stolen was a lesser offense.[1] We affirm.

1. During their investigation of a burglary of a hardware store in Wells, Minnesota, in which a large number of rifles were taken, law enforcement officers were contacted by an informant who had provided accurate information to them on at least two prior occasions. This informant told them that defendant, who was from Albert Lea, had guns for sale at $10 apiece which had been taken from the store and that he was planning on selling some of them to a farmer near Wells named Alvin Schultz.

Two days later, in the evening, the informant, in a series of telephone calls to the dispatcher of the Freeborn County Sheriff's Office, reported on the activities of defendant that evening. These reports were relayed by police radio to a number of law enforcement officers patroling the area looking for defendant. In his first report the informant stated that defendant was in Wells but he was not sure if defendant had the guns in his car. Twenty minutes later the informant called and stated that defendant was driving a brown Ford, that he had the guns in the car, and that he was taking the guns either to the American Legion Building or the liquor store in Wells.

---

1. Under § 609.53, subd. 2, one who receives stolen property believing, rather than knowing, it to be stolen is guilty only of a misdemeanor, whereas under subd. 1 one who receives stolen property knowing, rather than believing, it to be stolen may be sentenced to 10 years in prison if the property is valued at $100 or more.

Later, the informant called again, this time saying that defendant had not gone to the American Legion Building or the liquor store but that a sale of guns had just been made.

Minutes later officers observed defendant in his car on a road north of Wells coming from the area where the Schultz farm is located and the decision was made to stop and arrest defendant. The officers, before arresting defendant, asked to see his license and, while they were awaiting for him to produce it, they shined a flashlight into the car and observed in plain sight an uncased rifle in the backseat. After the arrest the gun was seized and two more were found in a search of the trunk. All three were guns which had been taken in the hardware store burglary.

After the arrest had been made an officer went to the Schultz farm, learned that defendant had just been there, and seized six more stolen guns, which defendant had sold at $10 apiece.

In determining the probable cause issue we have followed the approach required by the leading United States Supreme Court cases dealing with arrests or searches based in part on hearsay information provided by informants. These cases include: *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). The most recent case of this court interpreting these decisions is *State v. Nolting,* Minn., 254 N.W.2d 340 (1977).

Basically, the approach that is required by these cases is the so-called two-pronged analysis. That is, when a determination must be made whether there is or was probable cause to arrest or search partly on the basis of hearsay information, one must determine the reliability of the manner in which the informant obtained his information and the credibility of the informant or the reliability of his information. After measuring the informant's report against these standards in order to assess its probative value, the determination then can be made whether there is or was probable cause to arrest or search.

■ In this case the police were justified in concluding that their informant was credible because he had given them information on at least two prior occasions and this information had proven accurate in both instances. *State v. Daniels,* 294 Minn. 323, 200 N.W.2d 403 (1972).

■ We also believe that the police, at least by the time they decided to stop and arrest defendant, had a sufficient basis to conclude that their informant had obtained his information in a reliable way. The informant did not simply say that defendant was in the possession of stolen property but gave concrete details which increased the probability that his information was obtained in a reliable manner. Significantly, the police were able to corroborate much of the information the informant gave them before they made their decision to stop and arrest him.

Under all the circumstances, we conclude that the police had sufficient justification for concluding that all of the information provided by the informant was trustworthy, and further that they had probable cause to stop and arrest defendant.

■ 2. In *State v. Thurston,* 299 Minn. 30, 216 N.W.2d 267 (1974), we stated that as a general rule it is better if the trial court explains the elements of an offense to the jury rather than simply reading the statute, and that in the case of lesser offenses, the trial court ought to indicate in the forms of the verdicts submitted that the lesser degrees submitted are in fact lesser offenses than the offense charged.

Although the words "knowing" and "believing" are words of common meaning and their differences are commonly understood, the differences would have been clearer, even without explicit definition, if the court had informed the jury that receiving stolen

property believing it to be stolen was a lesser offense. However, the court, while not saying that, did instruct the jury that if it concluded that defendant received the stolen property knowing or believing it was stolen and there was a reasonable doubt as to which of the two terms more accurately described defendant's mental state, the jury should find that defendant received the property believing it to be stolen rather than knowing it to be stolen. Further, defense counsel did not object to the instructions and in fact argued to the jury that there was no difference between knowing and believing. Finally, the evidence from which the jury could infer knowledge was strong. Under these circumstances, we hold that there was no prejudicial error committed by the trial court.

Affirmed.

WAHL, J., took no part in the consideration or decision of this case.