**STATE of Minnesota, Appellant,**

v.

**Edward Michael SIEGFRIED, Respondent.**

**No. 49426.**

Supreme Court of Minnesota.

Dec. 8, 1978.

Warren Spannaus, Atty. Gen., St. Paul, William Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Connolly & Heffernan and Scott F. Tilsen, St. Paul, for respondent.

PER CURIAM.

This is a pretrial appeal by the state pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, from an order of the district court suppressing evidence in a prosecution of defendant for possession of marijuana with intent to distribute and possession of marijuana in excess of 1.5 ounces. The court suppressed the evidence because it concluded that the affidavit in support of the warrant application relied primarily upon hearsay information which failed to meet the veracity prong of the so-called two-pronged *Aguilar* test. We reverse and remand for trial.

The key cases bearing on our determination of this issue are *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Recent cases of this court interpreting or applying these decisions include *State v. Rosenthal,* 269 N.W.2d 40 (Minn.1978); *State v. Boerner,* 260 N.W.2d 564 (Minn.1977); *State v. Causey,* 257 N.W.2d 288 (Minn.1977); *State v. Nolting,* 254 N.W.2d 340 (Minn.1977); and *State v. Mollberg,* 310 Minn. 376, 246 N.W.2d 463 (1976).

What *Aguilar, Spinelli,* and *Harris* attempt to do is establish guidelines for the evaluation by magistrates of affidavits containing hearsay information offered in support of applications for warrants.

Recently in *State v. Boerner,* 260 N.W.2d 564, 566 (Minn.1977), we summarized as follows the approach that must be followed:

"Basically, the approach that is required by these cases is the so-called two-pronged analysis. That is, when a determination must be made whether there is or was probable cause to arrest or search partly on the basis of hearsay information, one must determine the reliability of the manner in which the informant obtained his information and the credibility of the informant or the reliability of his information. After measuring the informant's report against these standards in order to assess its probative value, the determination then can be made whether there is or was probable cause to arrest or search."

In this case the affidavit in support of the application for the search warrant relied primarily upon a timely hearsay report to the North St. Paul police by a resident of North St. Paul who requested that the police not use his name. The affidavit referred to this informant as a "reliable private citizen" and then stated the information which gave the police probable cause to search. The district court concluded that this information was obtained by the informant in a reliable manner (personal observation), thereby satisfying the basis-of-knowledge prong, but that the affidavit did not contain sufficient facts about the unnamed "reliable private citizen" to justify reliance on the so-called first-time citizen informer rule.

When we speak of "informants" in the Fourth Amendment context, usually we mean someone in the underworld or its periphery. The credibility of such an informant cannot be assumed and it is not enough that the affidavit states in a conclusory fashion that he is credible or reliable. Rather, the affidavit must provide the magistrate with adequate information from which he can personally assess the informant's credibility. This is often done by showing that the informant has a track

record, e. g., by showing that in the past the information he has given the police has been accurate. See full discussion at La-Fave, *Probable Cause from Informants,* 1977 U.Ill.L.F. 1, 10–23. And see, *State v. Daniels,* 294 Minn. 323, 200 N.W.2d 403 (1972). An alternative way of satisfying the veracity prong is by showing that in the particular case the circumstances strongly suggest that the information is reliable. Examples are where the police are able to show that the tip involves an admission against the informer's interest, where the tip implicates someone the informer would be expected to protect, or where it is clear from all the circumstances that the informer knows that things will be worse for him if the tip turns out to be false. See, La-Fave, *Probable Cause from Informants,* 1977 U.Ill.L.F. 1, 23–25. A third way of satisfying the veracity prong is by showing that details of the tip have been sufficiently corroborated so that it is clear the informant is telling the truth on this occasion. Stated differently, the fact that police can corroborate part of the informer's tip as truthful may suggest that the entire tip is reliable. Ibid., pp. 54–59. A Minnesota case illustrating this is *State v. Causey,* 257 N.W.2d 288 (Minn.1977).

■ Although the credibility of an informant from the criminal underworld may not be presumed, the credibility of a so-called first-time citizen informer generally is presumed. See LaFave, *Probable Cause from Informants,* 1977 U.Ill.L.F. 1, n. 5, and Moylan, *Hearsay and Probable Cause,* 25 Mercer L.Rev. 741, 765–773. See, also, *State v. Mollberg,* 310 Minn. 376, 246 N.W.2d 463 (1976); *State v. Phelps,* 297 Minn. 61, 209 N.W.2d 780 (1973); *State v. Lindquist,* 295 Minn. 398, 205 N.W.2d 333 (1973); *State v. Cox,* 294 Minn. 252, 200 N.W.2d 305 (1972). A first-time citizen informer is one who is not involved in the criminal underworld and who has no track record as a police informant.

In the instant case the affidavit stated in conclusory fashion that the informant who observed the facts giving rise to the search warrant application was a "reliable private citizen." Although it appears that the informant, who requested anonymity, did give his name to the police, the affidavit did not state this clearly. Similarly, the affidavit did not contain an averment that the informant was not part of the criminal milieu but, on the contrary, indicated that he was familiar with the appearance of marijuana.

Because of our determination that there was other information in the affidavit which sufficiently supported the magistrate's determination that the primary informant was telling the truth, we need not decide the close issue of whether the description of this informant as a "reliable private citizen" would be sufficient to justify reliance on the first-time citizen informer rule. However, we note with interest that the Minnesota Prosecutors Manual recommends providing more detailed information when drafting an affidavit which is based on information provided by a citizen informer who refuses use of his name. The manual suggests the following type of averment:

"Your affiant has received information from an informant who has supplied his/her name, address, phone number, and occupation to your affiant. Your affiant has inquired of other police officers who personally know this informant and all have indicated that he/she is gainfully employed as the informant indicated and does live at the address indicated by informant. All of said police officers indicated their belief in the reliability of the informant and all indicated their lack of knowledge of any criminal involvement by the informant. Your affiant wishes to keep the identity of this informant confidential because of the possibility of retaliation against the informant upon discovery by the suspect of informant's identity." Minnesota Prosecutors Manual (County Attorneys Council, 1976), p. E–48.

■ The other information to which we refer was information which North St. Paul police had obtained independently from sources other than the primary informant.

The most helpful information was received approximately 1 month earlier from a North St. Paul resident who called to explain that he had found marijuana in his son's possession and had learned from him that he had purchased it from defendant. The police also had received less reliable tips from other sources suggesting that defendant was involved in marijuana dealing. We believe that this other information—particularly the information received from the concerned father—while not sufficient by itself to establish probable cause to believe that marijuana would be found at defendant's residence, was information upon which the police and the magistrate could rely in reaching the conclusion that the primary informant was telling the truth about his observations.

As the United States Supreme Court stated in *Spinelli v. U. S.,* 393 U.S. 410, 418, 89 S.Ct. 584, 590, 21 L.Ed.2d 637, 644 (1969), even a tip which fails to satisfy the *Aguilar* test may count in the magistrate's determination.[1] Stated differently, even if the report from the concerned father did not satisfy *Aguilar*—which we do not decide—the fact that it clearly came from an independent source justified at least a minimal reliance on it. Here only a minimal reliance was needed because the initial showing of the primary informant's credibility, if inadequate, was not inadequate by much. LaFave, *Probable Cause from Informants,* 1977 U.Ill.L.F. 1, 49–67.

In summary, we conclude that the affidavit contained sufficient information to justify reliance on the primary informant's tip and that that tip provided probable cause to search. Accordingly, the magistrate properly issued the warrant.

Reversed and remanded.

---

1. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1969), although a pre-*Aguilar* case, is an example of this cited by Professor LaFave. There the police saw a street transaction between Ker and a known drug dealer under circumstances similar to those in which the dealer was known to have made a similar sale earlier in the day. The Court was unwilling to say that this observation alone constituted probable cause, but held that it gave rise to suspicion which was elevated to probable cause by reliance on an informer's tip, a tip which under *Aguilar* standards was defective in that it failed to specify the basis of the clearly credible tipster's knowledge. LaFave, *Probable Case from Informants,* 1977 U.Ill.L.F. 1, 64.