**STATE of Minnesota, Respondent,**

v.

**Thomas Meade BALSIMO, Appellant.**

**No. C5–85–2121.**

Court of Appeals of Minnesota.

July 1, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing Co. Atty., Brainerd, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant Thomas Balsimo was convicted of possession of over 1.5 ounces of marijuana with intent to distribute. Minn.Stat. §§ 152.09, subd. 1(1) and 152.15, subd. 1(2) (1984). On appeal he claims that probable cause did not exist to justify a search warrant. We affirm.

### FACTS

Around 1:00 a.m. on December 20, 1984, police officers executed a search warrant at appellant's home in Nisswa, Minnesota. The search warrant had been obtained earlier that evening and contained the following affidavit from Deputy Sheriff Jeff Birchem:

On 12–9–84, Deputy Birchem received information from Officer Keven Shuman,

Pequot Lakes Police Chief, that two of his reliable informants informed him that Tom Balsimo is selling marijuana and in possession of a large amount of marijuana at this time in his residence.

Further, based upon the observation of the informant, within the last 72 hours, Balsimo is in the possession of a number of zip-lock freezer bags containing smaller baggies believed to hold ¼ ounce of marijuana each.

This information is based and corroborated by both informants, who acting independently of each other, and unknown to each others actions. [sic]

Also both informants were made reliable through controlled buys under the direction of Officer Shuman and his observation.

Both informants have past experiences in dealing with narcotics and can identify narcotic substances.

In the past few months Deputy Birchem has received information from a different reliable informant that Tom Balsimo has been dealing drugs in the Nisswa-Pequot Lakes areas for several years.

Law enforcement officers in the surrounding area, during the last two months created and organized intelligence information on the Tom Balsimo residence. The residence created a lot of activity. The activity involved many cars going to the residence and staying just a short time.

Through informant information Balsimo would obtain large amounts of marijuana, and in the days following there would be an increase in activity (cars staying at the residence for a short time) at the residence.

On 12–19–84 Deputy Birchem observed 4 cars stop at the Balsimo residence in 15 minutes with two of the vehicles leaving within 5 minutes.

The search warrant also stated that an unannounced nighttime search was necessary to prevent destruction of the evidence and because it was believed that appellant carried a gun. The search produced approximately ten ounces of marijuana in several clear, zip-lock baggies.

At the police station, following his arrest, appellant waived his *Miranda* rights. He admitted that the marijuana which had been seized belonged to him. He also admitted that he had sold one-half ounce of marijuana several days earlier.

After an omnibus hearing, the trial court refused to suppress either the evidence seized at appellant's home or his statements made following his arrest. Appellant waived a jury trial and was found guilty of possession of over 1.5 ounces of marijuana with intent to distribute.

### ISSUE

Did the trial court err in concluding that probable cause existed to justify a search warrant?

### ANALYSIS

■ Reviewing courts should not engage in overly technical examination of affidavits once a magistrate has determined that probable cause exists. *State v. Wiley,* 366 N.W.2d 265 (Minn.1985). *Wiley* also stated:

A magistrate's determination of probable cause should be "paid great deference by reviewing courts" and a reviewing court should not review that determination *de novo.* The fourth amendment requires only that the magistrate had a "substantial basis for * * * conclud[ing] that a search would uncover evidence of wrongdoing." *Id.* [*Illinois v. Gates,* 462 U.S. 213] at 236, [103 S.Ct. 2317, at 2331, 76 L.Ed.2d 527] quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). In reviewing the sufficiency of an affidavit under the totality of the circumstances test, courts must be careful not to review each component of the affidavit in isolation. Even if each component is judged unsubstantial, the components viewed together may reveal in the informant's tip "an internal coherence that [gives] weight to the whole." *Massachusetts v. Upton,* 466 U.S. 727, 734, 104 S.Ct. 2085, 2089,

80 L.Ed.2d 721 (1984). Furthermore, the resolution of doubtful or marginal cases should be "largely determined by the preference to be accorded warrants." *Id.*, quoting *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

*Id.* at 268.

Here the trial court found that information was provided by two separate informants, both of whom reported seeing bags of marijuana next to the couch in appellant's living room. The search warrant, in fact, revealed that the marijuana bags were found in a closet next to the couch in the living room. Both informants claimed to have observed appellant in possession of marijuana in the past 72 hours. The informants, acting independently, told corroborating stories. *See State v. Siegfried*, 274 N.W.2d 113, 115 (Minn.1978). Further, the informants' tips were corroborated by the police whose use of these informants in previous controlled substance purchases, as well as their investigation of appellant, lends support to the existence of probable cause. We affirm the trial court's holding that the search warrant was supported by probable cause. All evidence seized, including appellant's post-arrest statement, was admissible at trial.

## DECISION

Probable cause existed to justify the issuance of a search warrant to search appellant's home for controlled substances.

Affirmed.