*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1589**

State of Minnesota,
Respondent,

vs.

Zephaniah James Skarja,
Appellant.

**Filed July 7, 2014
Affirmed
Huspeni, Judge***

Kanabec County District Court
File No. 33-CR-12-294

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Amy R. Brosnahan, Kanabec County Attorney, Reese Frederickson, Assistant County Attorney, Mora, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Chutich, Judge; and Huspeni, Judge.

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HUSPENI**, Judge

Appellant challenges the district court's denial of his motion to suppress evidence obtained in a search of his residence, arguing that the search warrant was not supported by probable cause. We affirm.

**FACTS**

Appellant Zephaniah James Skarja was charged with eight controlled-substances offenses following the execution of a search warrant of his residence. The district court granted the search warrant based on the statement of Peter Willis. Around 3:00 a.m. on September 6, 2012, Kanabec County Sheriff's Deputy Lance Herbst conducted a traffic stop of a vehicle in which Willis was a passenger. Both Willis and the driver, April Otto, were arrested for possession of a controlled substance after deputies discovered drug paraphernalia and a baggie of methamphetamine in the vehicle. Willis was given a *Miranda* warning at the police station, and agreed to provide a statement.

Willis stated that he and Otto had met a man named "Zeph"[1] at a gas station about one hour before the traffic stop. The two accompanied appellant to his residence, where Otto and appellant went into a bedroom. Willis observed appellant holding a box containing multiple plastic baggies, which Willis believed contained methamphetamine. And Willis observed a large sum of money. When Otto and appellant left the bedroom, Willis asked them what they had been doing, and Otto handed him a baggie of

---

[1]"Zeph" was at first believed to be Jason James Goward, but was later found to be Skarja. The application for the search warrant referred to the man as Goward.

methamphetamine. Willis described Skarja's residence as a green single-wide trailer, gave directions to the trailer, and stated that there was a maroon car in the driveway. Deputy Herbst followed Willis's directions and observed a trailer matching Willis's description with a matching vehicle in the driveway that was registered to Goward. Deputy Herbst showed Willis a photograph of Goward, and Willis confirmed that the photograph matched the man he had accompanied to the trailer.

Based on Willis's statement, the district court issued a search warrant for the trailer, the car in the driveway, and any outbuildings. Law enforcement executed the search warrant and discovered one-quarter ounce of methamphetamine inside appellant's backpack, which was found in the trailer. After receiving a *Miranda* warning, appellant admitted that he was staying in the trailer, that he was the owner of the maroon car in the driveway, and that he had smoked methamphetamine.

Appellant was charged with (1) second-degree possession of methamphetamine; (2) third-degree possession of methamphetamine; (3) fifth-degree possession of methamphetamine; (4) storing methamphetamine paraphernalia in the presence of a child; (5) possession of a dangerous weapon (switch blade); (6) possession of a hypodermic needle; (7) possession of a small amount of marijuana; and (8) possession of drug paraphernalia. He moved to suppress all evidence stemming from the search of his residence and to dismiss the charges, arguing that the search warrant was not supported by probable cause. The district court denied appellant's motion to suppress after determining that there was probable cause to issue the warrant. The district court further

ruled that Willis was not a "stool pigeon," that he was reliable because he made a statement against his interest, and that the officers sufficiently corroborated his statement.

Appellant then waived his right to a trial and stipulated to the state's case under Minn. R. Crim. P. 26.01, subd. 4.[2] On February 27, 2013, the district court found Skarja guilty of all eight charges. At sentencing, the district court dismissed the possession-of-drug-paraphernalia charge and sentenced appellant to 88 months in prison. This appeal followed.

## DECISION

The United States and Minnesota Constitutions provide that no warrant shall be issued without a showing of probable cause. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Generally, a search is lawful only when it is executed pursuant to a valid search warrant issued by a neutral and detached judge based on a finding of probable cause. *See* Minn. Stat. § 626.08 (2012); *State v. Harris*, 589 N.W.2d 782, 787 (Minn. 1999). When reviewing whether a search warrant is supported by probable cause, we afford great deference to the district court's probable cause determination. *State v. Rochefort*, 631 N.W.2d 802, 804 (Minn. 2001). "[O]ur only consideration is whether the judge issuing the warrant had a substantial basis for concluding that probable cause existed." *State v. Jenkins*, 782 N.W.2d 211, 222-23 (Minn. 2010) (quotation omitted).

---

[2]At the district court hearing, the parties cited different subdivisions of rule 26.01. But the state explained that the pretrial ruling was dispositive and that no trial would be required if the pretrial ruling was reversed on appeal. Appellant challenges only the pretrial ruling on appeal. Therefore, we conclude that he stipulated to the state's case under subdivision four.

4

Probable cause requires a "fair probability that contraband or evidence of crime will be found in a particular place." *State v. Zanter*, 535 N.W.2d 624, 633 (Minn. 1995). There must be "a direct connection, or nexus, between the alleged crime and the particular place to be searched, particularly in cases involving the search of a residence for evidence of drug activity." *State v. Souto*, 578 N.W.2d 744, 747-48 (Minn. 1998). Probable cause is determined under a totality-of-the-circumstances test. *Jenkins*, 782 N.W.2d at 223. But our "determination is limited to the information contained in the affidavit offered in support of the warrant application." *State v. Ward*, 580 N.W.2d 67, 71 (Minn. App. 1998).

When a search warrant is based on statements from an informant, "the affidavit must provide the [issuing judge] with adequate information from which he can personally assess the informant's credibility." *State v. Siegfried*, 274 N.W.2d 113, 114 (Minn. 1978). The issuing judge must consider the informant's veracity and basis of knowledge. *Souto*, 578 N.W.2d at 750. Here, the parties agree that the search-warrant affidavit sufficiently described Willis's basis of knowledge. But the parties disagree regarding Willis's reliability.

Appellant argues that Willis was an unreliable informant because he was a stool pigeon. Courts are "reluctant to believe the typical stool pigeon who is arrested and who, at the suggestion of the police, agrees to cooperate and name names in order to curry favor with the police." *Ward*, 580 N.W.2d at 71-72 (quotation omitted). In response to appellant's argument that Willis was a stool pigeon, the state urges that only confidential informants have been held to be stool pigeons. The state's argument is overly broad.

5

While cases addressing the issue of who qualifies as a stool pigeon have involved confidential informants, we have found no language in those cases that would require limiting a stool pigeon designation solely to confidential informants.[3] *See id.*

The district court concluded that Willis was not a stool pigeon. There is no evidence that Deputy Herbst coerced Willis into making a statement or made any deal with Willis for favorable treatment in exchange for a statement. ~~Moreover,~~ Willis voluntarily and candidly spoke to law enforcement of his involvement and what he observed. Importantly, far from being a confidential informant, Willis is named in the search-warrant affidavit. The district court properly considered all relevant factors when analyzing Willis's reliability, and did not err in its analysis. *See id.*

The district court further determined that Willis was reliable because he made statements against his penal interests. "[A]n informant's reliability on a particular occasion can be established by a declaration by the informant that is against his penal interest." *State v. Wiberg*, 296 N.W.2d 388, 395 (Minn. 1980). A statement against interest "strongly suggest[s] that the information is reliable." *Siegfried*, 274 N.W.2d at 115.

Appellant argues that Willis did not implicate himself in criminal activity because Willis merely stated that he observed methamphetamine in a specific residence. We disagree. Rather than deny any knowledge of the methamphetamine that the deputies discovered in the vehicle, Willis admitted that he had visited a residence that contained

---

[3]The unpublished cases cited by the state are not precedential. *See* Minn. Stat. § 480A.08, subd. 3 (2012); *Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 575 n.2 (Minn. 2009).

baggies of methamphetamine and that Otto handed him what he knew to be a baggie of methamphetamine. Willis implicated himself in possession of the methamphetamine discovered in the vehicle, and therefore made a statement against his penal interest.[4] And this statement against interest suggests that Willis's information was reliable. *See id.*

Caselaw reminds us that an informant's "statement against interest establishes reliability only when combined with another factor, such as corroboration or coming forward voluntarily." *Ward*, 580 N.W.2d at 72. But "the fact that police can corroborate part of the informer's tip as truthful may suggest that the entire tip is reliable." *Siegfried*, 274 N.W.2d at 115.

The district court in this case concluded that law enforcement sufficiently corroborated Willis's statement by (1) confirming the location and description of the trailer; (2) finding the same plastic baggies in the traffic stop and in the trailer during a short timeframe; and (3) confirming that the owner of the vehicle in the driveway lived in the residence. We conclude that the discovery of the same drugs in the vehicle and the trailer is not the type of corroboration that supports a finding of probable cause, because probable cause must be based on information in the search-warrant affidavit, *Ward*, 580 N.W.2d at 71, and here the discovery of the drugs in the trailer occurred after execution of the search warrant.

---

[4]Appellant suggests that Willis only implicated himself in "fleeting or temporary possession" of the methamphetamine at the trailer, not in possession of the methamphetamine discovered in the vehicle. But appellant admits that Minnesota has not recognized a fleeting-control exception for controlled substances. And he did not ask the district court to recognize a fleeting-control exception. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (noting that an appellate court will generally "not decide issues which were not raised before the district court").

In furthering his attempt to undermine corroboration, appellant argues that the police only corroborated easily-obtained facts, such as the presence of a green single-wide trailer in the location that Willis described and the presence of a red passenger car in the driveway. Appellant argues that such corroboration cannot establish probable cause sufficient to issue a search warrant of the residence. *See State v. Albrecht*, 465 N.W.2d 107, 107 (Minn. App. 1991) (syllabus by the court) ("A police officer's corroboration of easily obtained facts of an informant's tip, without more, is not a sufficient basis for probable cause.").

The facts of this case, however, demonstrate the weakness of appellant's argument that corroboration is insufficient. "[C]orroboration of even minor details can lend credence to the informant's information where the police know the identity of the informant." *Ward*, 580 N.W.2d at 71 (quotation marks omitted). Unquestionably, the identity of Willis was known. Besides confirming the existence of the trailer and vehicle, Deputy Herbst obtained the name of the car's owner. He then showed Willis a photograph of that owner, and Willis confirmed that the photograph matched the man he had accompanied to the trailer. This corroboration gave credence to Willis's information. *See id.*; *see also State v. McCloskey*, 453 N.W.2d 700, 704 (Minn. 1990) ("That there was this minimal corroboration is at least another relevant factor on which the magistrate was entitled to rely in making the totality-of-circumstances assessment of probable cause.").

Mindful of the considerable deference owed when reviewing the integrity of a search warrant, the affidavit supporting that warrant here demonstrates a fair probability that contraband or evidence of a crime would be found in the described trailer. *See*

8

*Zanter*, 535 N.W.2d at 633. We conclude that the search-warrant affidavit sufficiently demonstrated Willis's reliability and basis of knowledge. Therefore, there was probable cause to issue the search warrant, and the district court did not err in denying appellant's motion to suppress.

**Affirmed.**