*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1258**

State of Minnesota,
Respondent,

vs.

Timothy George Clark,
Appellant.

**Filed June 8, 2015
Affirmed
Chutich, Judge**

Crow Wing County District Court
File No. 18-CR-13-1301

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, John J. Sausen, Assistant County Attorney, David F. Hermerding, Assistant County Attorney, Brainerd, Minnesota (for respondent)

Mark D. Kelly, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Chutich, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

In this appeal from a controlled-substance conviction, appellant Timothy Clark challenges the district court's denial of his motion to suppress evidence obtained from a

search of his property.  He argues that the warrant to search his home lacked sufficient probable cause because it relied exclusively on information supplied by an unreliable informant.  Because police sufficiently corroborated the informant's tip and the district court had a substantial basis to conclude that probable cause supported the warrant, we affirm.

## FACTS

On March 27, 2013, the district court signed a search warrant authorizing a "no-knock" search of appellant Timothy Clark's property.  The search warrant relied heavily on information provided by an informant.  The informant, who had been recently arrested for carrying 1.5 ounces of methamphetamine, told police that he had purchased the methamphetamine from Clark at Clark's home two days before.  The informant also told police that he had been purchasing methamphetamine from Clark for approximately ten months.

The informant gave the police a very detailed description of Clark's home and the events that he had witnessed while on Clark's property.  He described Clark's home as a grayish-white farm house with black trim and told agents that the property contained numerous outbuildings and cars.  The informant told the police that Clark hid methamphetamine within polyvinyl chloride (PVC) pipes on his property and had numerous firearms hidden on his property.

According to the informant, two people worked as farm hands on Clark's property and were compensated with methamphetamine.  The informant had also "observed numerous Mexicans at the residence at one time, and these individuals were armed with

2

assault rifles." He had also seen approximately ten pounds of methamphetamine at Clark's home and said that Clark used methamphetamine and often carried some on his person. Lastly, the informant told police that Clark was scheduled to receive a large quantity of methamphetamine on March 26, 2013.

After receiving this information, Investigator Fagerman ran a criminal background check on Clark and discovered that he had been convicted of felony possession of a controlled substance and was prohibited from owning firearms. Investigator Fagerman also discovered that the Lakes Area Drug Investigative Division of the Crow Wing County Sheriff's Office suspected that Clark was a methamphetamine dealer. Additionally, the Crow Wing County Sherriff's Office had received two reports in January and March of 2013 that Clark had threatened people on his property with a gun.

Based on this information, the district court issued a search warrant for Clark's property. That same day, police executed the warrant and found a PVC pipe containing fifteen clear plastic baggies that held approximately one ounce of a substance later identified as methamphetamine. Police recovered a total of 435.2 grams of methamphetamine. Investigator Fagerman also found a plastic bag in a barn on Clark's property that contained $4,510 in cash.

Clark was charged with first-degree sale of a controlled substance and first-degree possession of a controlled substance.[1] *See* Minn. Stat. § 152.021, subd. 1(1), 2(a)(1), 3(b) (2012). Clark moved to suppress the evidence seized on his property, arguing, in relevant part, that the search warrant was not supported by sufficient probable cause.

---

[1] The state later dismissed the charge of first-degree sale of a controlled substance.

The district court denied Clark's motion, concluding that the warrant contained a substantial basis for probable cause because it was based on "information obtained from a reliable source, and included details about [Clark's] criminal history and firearm possession that were relevant to the objective of the warrant." The district court reasoned that the informant was reliable for three reasons: (1) the informant made a statement against his penal interest; (2) the January and March police reports showed that Clark had threatened people on his property with firearms; and (3) the Lakes Area Drug Division had identified Clark as a possible methamphetamine dealer before the informant's tip.

Clark waived his right to a jury trial and agreed to a stipulated-facts trial under Minnesota Rule of Criminal Procedure 26.01, subdivision 3. The district court found Clark guilty of first-degree possession of a controlled substance. *See* Minn. Stat. § 152.021, subd. 2(a)(1), 3(b). Clark appealed.

## DECISION

The United States and Minnesota Constitutions protect citizens from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A search of a residence is generally only valid if a neutral and detached magistrate judge issues a warrant that is supported by probable cause. *See* Minn. Stat. § 626.08 (2014); *State v. Harris*, 589 N.W.2d 782, 787 (Minn. 1999).

When reviewing whether a search warrant is supported by probable cause, great deference is given to the district court's probable-cause determination. *State v. Rochefort,* 631 N.W.2d 802, 804 (Minn. 2001). This court only considers "whether the judge issuing the warrant had a substantial basis for concluding that probable cause

existed." *State v. Jenkins,* 782 N.W.2d 211, 222-23 (Minn. 2010) (quotation omitted). Searches conducted pursuant to a warrant are strongly preferred, and "doubtful or marginal cases should be largely determined by the preference to be accorded to warrants." *State v. McCloskey*, 453 N.W.2d 700, 704 (Minn. 1990) (quotation omitted).

Probable cause is evaluated under a totality of the circumstances test that requires a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Zanter*, 535 N.W.2d 624, 633 (Minn. 1995). To determine whether probable cause exists, the issuing judge examines the "totality of the circumstances," making a "practical, commonsense decision" based on "all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information." *Id.* (quotations omitted). "[A] collection of pieces of information that would not be substantial alone can combine to create sufficient probable cause." *State v. Jones*, 678 N.W.2d 1, 11 (Minn. 2004).

*Confidential Reliable Informant*

Clark argues that the warrant to search his home lacked probable cause because it rested solely on the recent observations of a "cooperating individual," who had never previously provided information to police and could not be considered reliable. We disagree.

Whether an informant's tip can "establish probable cause to search depends on the totality of the circumstances of the particular case, including the credibility and veracity of the informant." *State v. Munson*, 594 N.W.2d 128, 136 (Minn. 1999). The warrant application must give the district court adequate information to personally assess the

informant's credibility. *State v. Siegfried*, 274 N.W.2d 113, 114 (Minn. 1978). To evaluate the informant's credibility, the district court "should consider the 'basis of knowledge' and 'veracity' of the informant supplying hearsay information." *State v. Holiday*, 749 N.W.2d 833, 840 (Minn. App. 2008) (quoting *State v. Souto*, 578 N.W.2d 744, 750 (Minn. 1998)).

*Basis of Knowledge*

An informant's basis of knowledge "may be supplied directly, by first-hand information," or "indirectly through self-verifying details that allow an inference that the information was gained in a reliable way and is not merely based on a suspect's general reputation or on a casual rumor circulating in the criminal underworld." *State v. Cook*, 610 N.W.2d 664, 668 (Minn. App. 2000), *review denied* (Minn. July 25, 2000). "Recent personal observation of incriminating conduct has traditionally been the preferred basis for an informant's knowledge." *State v. Wiley*, 366 N.W.2d 265, 269 (Minn. 1985). An informant's statement that the event was observed first-hand "entitles his tip to greater weight than might otherwise be the case." *Illinois v. Gates*, 462 U.S. 213, 234, 103 S. Ct. 2317, 2330 (1983).

Here, the informant told police that he had personally purchased methamphetamine from Clark at Clark's home less than two days before the search warrant application and that he had being doing so for the past ten months. The informant also told police that he had observed large quantities of methamphetamine on Clark's property and that Clark had hidden guns on his property. Accordingly, the

6

informant's basis of knowledge—first-hand observation—was persuasive in establishing probable cause. *See Wiley*, 366 N.W.2d at 269.

*Veracity*

An informant's veracity can be proven numerous ways, including "by showing that details of the tip have been sufficiently corroborated so that it is clear the informant is telling the truth on this occasion." *Siegfried*, 274 N.W.2d at 114-15. "In satisfying the corroboration requirement, there is no mandate that *every* fact in the [informant's] tip be corroborated, that a certain number of facts be corroborated, or that certain types of facts must be corroborated." *Holiday*, 749 N.W.2d at 841.

Here, in addition to the informant's tip, the warrant application cited two recent police reports from the Crow Wing County Sherriff's Office, Clark's criminal history, and Clark's status as a suspected methamphetamine dealer with the Lakes Area Drug Investigative Division. Clark first argues that the police reports do not sufficiently corroborate the informant's tip because they were vague and, at most, they supported a no-knock provision for the warrant. But corroboration of even a *minor* detail that lends credence to an informant's tip is relevant to a probable cause determination. *Id.* And these two reports corroborated a major detail from the informant's tip: that Clark, who is prohibited from possessing a firearm, had one on his property. Furthermore, these reports were not vague for the purposes of corroborating the informant's tip because they specifically identified Clark as the person who threatened people on his property with a firearm.

Clark further contends that his criminal history cannot be used to corroborate the informant's tip because the warrant application did not state that he was *convicted* with a controlled substance crime, it stated that he was *charged* with controlled substance crimes.[2]

"A person's criminal record is among the circumstances a judge may consider when determining whether probable cause exists for a search warrant." *State v. Carter*, 697 N.W.2d 199, 205 (Minn. 2005). And contrary to Clark's argument, this court can consider a defendant's *entire* criminal history behavior, including past charges. *See State v. Hochstein*, 623 N.W.2d 617, 623 (Minn. App. 2001) (concluding that probable cause to search existed based in part on the appellant's three arrests for drug-related offenses and conviction of a fourth-degree controlled-substance crime); *see also State v. Lieberg*, 553 N.W.2d 51, 56-57 (Minn. App. 1996) (determining that the defendant's entire history of criminal behavior was properly considered as a factor in evaluating the totality of the circumstances for probable cause). It was therefore proper for the district court to consider Clark's entire past criminal history.

Lastly, the warrant application stated that "Clark has been identified as a possible methamphetamine dealer by the Lakes Area Drug Investigative Division of the Crow Wing County Sheriff's Office." While this information alone is not sufficient to

---

[2] The warrant application stated,

> Your Affiant did run a criminal history check on Timothy George Clark . . . and found the following: Highest conviction rate is a felony, and has been charged with two counts of 1st degree possession of a controlled substance. Your affiant knows that Timothy Clark is not able to possess firearms within State and Federal Laws.

corroborate the informant's tip, it is yet another factor that corroborates the informant's reliability. *See Holiday*, 749 N.W.2d at 841.

*Probable Cause*

This court grants great deference to a district court's determination that probable cause for a warrant exists, and the district court need only have a substantial basis for concluding that a search would uncover evidence of a crime. *Wiley*, 366 N.W.2d at 268.

Here, the warrant application included a very detailed tip from an informant who had recently purchased methamphetamine from Clark, said that Clark hid firearms and methamphetamine on his property, and told police that Clark would be receiving a shipment of methamphetamine the day before the warrant was issued. Police corroborated this tip with two recent reports stating that Clark had threatened people on his property with a firearm, his criminal history, and his known status with the Lakes Area Drug Investigative Division as a suspected methamphetamine dealer. These three corroborating factors—in addition to supporting the informant's reliability—also supported a finding of probable cause. *See Holiday*, 749 N.W.2d at 843.

We recognize that the search warrant application could have provided more specifics than it did, but even when probable cause is doubtful or marginal, we defer to the district court's decision. *See Rochefort*, 631 N.W.2d at 804; *Holiday*, 749 N.W.2d at 844. According the district court its required deference, *Wiley*, 366 N.W.2d at 268, we conclude that it had a substantial basis to find that the warrant was supported by probable cause.

**Affirmed.**

9