STATE OF MINNESOTA

IN SUPREME COURT

A23-0927

Court of Appeals                                                                                    McKeig, J.

State of Minnesota,

                        Respondent,

vs.                                                                                   Filed:  October 22, 2025
                                                                                      Office of Appellate Courts
Jennifer Lynn Nagle,

                        Appellant.

_____

Keith Ellison, Attorney General, Peter D. Magnuson, Assistant Attorney General, Saint Paul, Minnesota; and

Danielle H. Olson, Swift County Attorney, Benson, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Adam S. Lozeau, Assistant State Public Defender, Saint Paul, Minnesota, for appellant.

Alicia L. Granse, Teresa J. Nelson, American Civil Liberties Union of Minnesota, Minneapolis, Minnesota; and

Shauna F. Kieffer, Minnesota Association of Criminal Defense Lawyers, Minneapolis, Minnesota, for amici curiae American Civil Liberties Union of Minnesota and Minnesota Association of Criminal Defense Lawyers.

Mahesha P. Subbaraman, Subbaraman PLLC, Minneapolis, Minnesota, for amicus curiae Restore the Fourth, Inc. and Restore the Fourth Minnesota.

_____

1

SYLLABUS

1.      When determining whether a search warrant is supported by probable cause, the district court must consider corroboration of a confidential reliable informant's tip in considering the totality of the circumstances, but corroboration is not an independent requirement.

2.      The search warrant in this case was not supported by probable cause because the limited, uncorroborated information in the warrant application did not establish a fair probability that contraband or evidence of a crime would be found in appellant's house.

Reversed and remanded.

O P I N I O N

McKEIG, J.

In this case, we granted review to clarify whether there is an independent requirement that a tip from a confidential reliable informant be corroborated to establish probable cause for a search warrant. In a controlled substance crime case, appellant Jennifer Nagle moved to suppress the evidence found in a search of her house pursuant to a warrant. The warrant application stated that a confidential reliable informant had personally observed people smoking methamphetamine in Nagle's house sometime in the 72 hours prior to the warrant application. Concluding that the warrant application established probable cause, the district court denied the suppression motion, and Nagle was found guilty after a jury trial. On appeal, Nagle challenged the district court's denial of her suppression motion. In a divided opinion, the court of appeals affirmed the district court, concluding that the totality of the circumstances established probable cause that drugs

2

would be found in Nagle's house at the time of the search. The court of appeals rejected Nagle's argument that a tip must always be corroborated to establish probable cause. The dissent, on the other hand, concluded that our case law always requires some corroboration of a tip to establish probable cause and would have reversed based on the lack of corroboration.

Although we disagree with the dissent's reasoning that corroboration is an independent requirement, we nonetheless reverse. We conclude that the district court erred by denying Nagle's suppression motion because the limited observations of the confidential reliable informant in the warrant application did not establish a fair probability that contraband or evidence of a crime would be found in Nagle's house at the time of the search. Accordingly, we reverse the decision of the court of appeals and remand to the district court for further proceedings consistent with this opinion.

**FACTS**

On March 10, 2022, a Willmar police officer sought a search warrant for a house in Benson lived in by Nagle based on information from a confidential reliable informant (CRI). The CRI had personally observed people smoking methamphetamine in Nagle's house in the last 72 hours prior to the search warrant application. In the search warrant application, the officer described the information that he had received from the CRI:

> On March 10th, 2022, your Affiant was contacted by a Confidential Reliable Informant or C.R.I. who stated that within the last 72 hours, they had been over to [a specified address] in Benson, MN and had observed meth pipes inside the house and people smoking meth. The C.R.I. was not directed by law enforcement to go to this residence and did so on their own. This particular C.R.I. has been working for the [Drug and Gang] Task Force since February 2022 and is working for monetary consideration. The C.R.I. has an

3

intimate knowledge of the controlled substances community and has been arrested for controlled substance violations in the past. The C.R.I. has provided [the Task Force] reliable information and performed multiple controlled buys for the task force for controlled substances.

A district court judge signed the warrant. That same day, officers executed the search warrant at Nagle's house and found drug paraphernalia and items that tested positive for methamphetamine.

The State charged Nagle with two counts of possession of a controlled substance.[1] Before trial, Nagle moved to suppress the evidence found in the search, arguing that there was not probable cause to believe that her house would contain contraband or evidence of a crime at the time of the search. The district court denied the motion, concluding that the warrant was supported by probable cause. A jury found Nagle guilty on both counts.

Nagle appealed, arguing that the district court committed reversible error when it denied her suppression motion. In a divided opinion, the court of appeals affirmed. *State v. Nagle*, No. A23-0927, 2024 WL 2890830 (Minn. App. June 10, 2024). The majority concluded that the search warrant was supported by probable cause based on the totality of the circumstances, including the CRI's reliability and basis of knowledge. *Id*. at *4–5. The majority rejected Nagle's argument that corroboration of a confidential reliable informant's tip is an independent requirement to establish probable cause. *Id*. at *3–5.

---

[1] Nagle was charged with one count of third-degree possession of methamphetamine in a school zone, Minn. Stat. § 152.023, subd. 2(a)(6), and one count of storing methamphetamine paraphernalia in the presence of a child, Minn. Stat. § 152.137, subd. 2(a)(4). Nagle's minor grandchild was found in one of the bedrooms of the house, and Nagle's house is located within a one-block radius of a high school.

The dissent would have reversed based on the lack of corroboration of the CRI's tip. *Id*. at *9. The dissent concluded that "Minnesota authorities suggest that probable cause based on an informant tip requires corroboration, and the warrant application does not set forth any information to corroborate the CRI's tip." *Id*. at *6. The dissent determined that, although corroboration of significant details may not be necessary, "such tips [need] to be supported by *some* corroboration." *Id.* at *8. The dissent concluded the search warrant was not supported by probable cause due to the lack of any corroboration of the tip. *Id.* at *9.

We granted Nagle's petition for review.

## ANALYSIS

Both the federal and Minnesota constitutions protect "against unreasonable searches and seizures." U.S. Const. amend. IV; Minn. Const. art. I, § 10. To be constitutional, a search must be supported by probable cause, which means a "fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Wiley*, 366 N.W.2d 265, 268 (Minn. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (internal quotation marks omitted). Both warrantless searches and searches pursuant to a warrant are subject to the same totality-of-the-circumstances analysis to determine whether there is a fair probability that contraband or evidence of a crime will be found in a particular

place.[2]  *See Gates*, 462 U.S. at 238 (warranted search); *State v. Mosley*, 994 N.W.2d 883, 889 (Minn. 2023) (warrantless search).

In cases where a search warrant was issued, the scope of our "review is limited to the information presented in the application, and the reasonable inferences that can be drawn from that information." *State v. Sardina-Padilla*, 7 N.W.3d 585, 596 (Minn. 2024). We "consider the totality of the circumstances alleged in the supporting affidavit" and do not "review each component of the affidavit in isolation." *State v. Fawcett*, 884 N.W.2d 380, 385 (Minn. 2016) (quoting *Wiley*, 366 N.W.2d at 268) (internal quotation marks omitted).  Our inquiry is "whether the issuing judge had a 'substantial basis' for concluding that probable cause existed." *Sardina-Padilla*, 7 N.W.3d at 596 (quoting *State v. Yarbrough*, 841 N.W.2d 619, 622 (Minn. 2014)).  We review probable cause decisions de novo. *Bufkin v. Collins*, 604 U.S. 369, 384 (2025); *State v. Glover*, 4 N.W.3d 124, 132 (Minn. 2024) (stating that "[a]lthough we assess the district court's factual findings for clear error, we review legal determinations, including probable cause, de novo").  But we have explained that, in doubtful or marginal cases, we give deference to the issuing judge's decision to issue the warrant. *State v. Harris*, 589 N.W.2d 782, 791 (Minn. 1999) (stating that "the resolution of doubtful or marginal cases should be 'largely determined by the preference to be accorded warrants' " (quoting *Wiley*, 366 N.W.2d at 268)).

---

[2]  We take this opportunity to reiterate that the totality-of-the-circumstances test for probable cause (i.e., whether there is a fair probability that contraband or evidence of a crime will be found in a particular place) applies equally to warranted and warrantless searches.  To the extent that the analysis of the court of appeals suggests this substantive test differs between the two—that the deference afforded search warrants alters the substantive test—such a distinction is erroneous.

6

Nagle argues the warrant was not supported by probable cause because it did not contain enough detailed information and lacked corroboration. The State contends that, under the totality of the circumstances, the issuing judge had a substantial basis to conclude there was a fair probability drugs would be found in Nagle's house at the time of the search.

To resolve this case, we first address whether there is an independent requirement that a confidential reliable informant's tip be corroborated by police officers to establish probable cause. Then, we determine whether the search warrant in this case was supported by probable cause based on the totality of the circumstances presented in the warrant application.

## I.

This case first asks us to decide whether there is an independent requirement that a confidential reliable informant's tip be corroborated in order to establish probable cause for a search warrant. Whether a search warrant is supported by probable cause is determined by the totality-of-the-circumstances test adopted by the Supreme Court in *Gates*:

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

462 U.S. at 238. In adopting a totality-of-the-circumstances approach, the Supreme Court rejected "[r]igid legal rules," which are "ill-suited" for this type of analysis.[3] *Id*. at 232. Instead, reviewing courts make "a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip." *Id.* at 234. When a search warrant is based on a tip, relevant considerations include the informant's veracity and basis of knowledge. *Id*. at 230. "[A] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id.* at 233. Under this flexible approach, we have likewise held that a deficiency in one aspect of a warrant application "may be compensated for by other indicia of reliability." *State v. Wiggins,* 4 N.W.3d 138, 150 (Minn. 2024) (per curiam). One such indicia of reliability is corroboration.

We have long held that corroboration of a tip by police officers is a relevant factor in the totality of the circumstances; even "minimal corroboration" can be relevant in the

---

[3]     In *Gates*, the Supreme Court acknowledged that "[i]nformants' tips doubtless come in many shapes and sizes from many different types of persons." 462 U.S. at 232. We have reached a similar conclusion. Our case law illustrates that tips can come from a variety of sources—some of which are more reliable, some less—including anonymous callers, citizens making a first-time report, informants, and confidential reliable informants. *E.g., State v. Wiggins,* 4 N.W.3d 138, 149 (Minn. 2024) (per curiam) (anonymous); *State v. Siegfried,* 274 N.W.2d 113, 115 (Minn. 1978) (describing a first-time citizen informer); *McCloskey*, 453 N.W.2d at 704 (informant); *State v. Munson*, 594 N.W.2d 128, 136 (Minn. 1999) (confidential reliable informant). And the type of information provided can be based on sources that may be more reliable or less reliable—first-hand knowledge, hearsay, contemporaneous observations, or can involve predictive information about future criminal activity. *E.g.*, *Wiley*, 366 N.W.2d at 269 (first-hand knowledge); *In re Welfare of G.M.*, 560 N.W.2d 687, 690–91 (Minn. 1997) (hearsay); *Mosley*, 994 N.W.2d at 886, 892 (contemporaneous observations); *Munson*, 594 N.W.2d at 132, 136 (predictive information). As such, the totality-of-the-circumstances provides the flexibility needed for courts to conduct this necessarily fact-specific inquiry.

totality of the circumstances. *State v. McCloskey*, 453 N.W.2d 700, 704 (Minn. 1990). We recently affirmed the role of corroboration in a probable cause determination in *State v. Mosley*, 994 N.W.2d at 892. In *Mosley*, officers conducted a warrantless search of the defendant's car based on a confidential reliable informant's tip. *Id*. at 885. Before the search, officers corroborated some details from the confidential reliable informant's tip, including the car description, its location, and the license plate number. *Id*. at 887. In concluding that the officers lacked probable cause to search the defendant's car, the district court discounted the relevance of the corroborated details on the grounds that they were easily obtained. *Id*. at 892. We disagreed with the analysis of the district court, explaining that "when an informant gives police information based on the informant's personal knowledge, police do not need to corroborate significant details in the tip for the tip to be sufficient to support probable cause." *Id.* As part of our analysis, we observed that even when the corroborated details are "easily obtained," they still "lend credence to the informant's tip." *Id.* (internal quotation marks omitted). To be clear, we did not hold that police need to corroborate easily obtained details for the tip to be sufficient to support probable cause. Instead, we again acknowledged that corroboration is a relevant factor that should be "considered together" with the other indicia of reliability. *Id.* at 893.

In sum, our case law establishes that corroboration of a tip is always a relevant consideration in a totality-of-the-circumstances analysis. Like other relevant factors in the totality-of-the-circumstances analysis, a lack of corroboration may be compensated for by a strong showing of other indicia of reliability, depending on the facts of the case. On the other hand, in some cases, the totality of the circumstances may fall short of the probable

cause standard without corroboration. A court must consider corroboration of a confidential reliable informant's tip in considering the totality of the circumstances, but we decline to adopt a brightline rule that corroboration is an independent requirement outside the totality of circumstances analysis to establish probable cause based on a confidential reliable informant's tip.[4] Instead, we affirm our longstanding totality-of-the-circumstances test, which considers any and all facts that bear upon probable cause as relevant in the analysis.

## II.

We next consider whether the search warrant here was supported by probable cause: whether the facts alleged in the warrant application established a fair probability that

---

[4]     Legal commentators likewise agree that the United States Supreme Court has *not* held that "some form of corroboration is essential to a finding of probable cause based primarily upon information received from an informant." 2 Wayne R. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 3.3(f) (6th ed. 2024). Instead, LaFave describes the role corroboration plays in the Supreme Court's informant cases as compensating for other deficiencies in the informant's tip:

> From this survey, it is apparent that the Supreme Court has either used corroboration or assumed that it might be used in a variety of ways. Sometimes it appears the Court was seeking evidence of corroboration because of no showing of the informant's basis of knowledge (*Draper*, *Ker*), sometimes because the informant's veracity was not otherwise established sufficiently (*Jones*, *Harris*), and sometimes for both reasons (*Aguilar*, *Spinelli*, *Gates*). Moreover, the type of information considered as tending to corroborate has ranged from the innocent conduct in *Draper* to that which itself created "strong suspicion" in *Ker*.

*Id.* (citing *Draper v. United States*, 358 U.S. 307 (1959); *Ker v. California*, 374 U.S. 23 (1963); *Jones v. United States*, 362 U.S. 257 (1960); *United States v. Harris*, 403 U.S. 573 (1971); *Aguilar v. Texas*, 378 U.S. 108 (1964); *Spinelli v. United States*, 393 U.S. 410, (1969); and *Illinois v. Gates*, 462 U.S. 213 (1983)).

evidence of a crime would be found in Nagle's house at the time of the search. *Gates*, 462 U.S. at 238. Nagle argues that the warrant application did not include enough facts to satisfy this standard, and, on these particular facts, we agree.

When we analyze whether a search warrant is supported by probable cause, the scope of our "review is limited to the information presented in the application, and the reasonable inferences that can be drawn from that information." *Sardina-Padilla*, 7 N.W.3d at 596. As such, our analysis focuses on the facts that were presented in the search warrant application.

Here, the lower courts appropriately concluded the warrant application adequately established the reliability of the CRI[5] and the CRI's first-hand basis of knowledge,[6] two relevant considerations. But these are not the only considerations in the analysis. When considering the totality of the circumstances, the observations of the confidential reliable informant—that is to say, the *content of the tip itself*—is key. Here, the limited observations of the CRI presented in the warrant application fall short of the probable cause standard of a fair probability that contraband evidence of a crime would be found in the house at the time of the search.

---

[5] A confidential reliable informant is an individual with a track record of providing reliable information to law enforcement, *Mosley*, 994 N.W.2d at 885, and must be explicitly designated as a confidential reliable informant in the search warrant application, *Wiggins*, 4 N.W.3d at 149. Even if the warrant application "does not contain specific details of the CRI's record, further elaboration concerning the specifics of the CRI's veracity is not typically required." *Munson*, 594 N.W.2d at 136. In this case, the warrant stated:

> This particular C.R.I. has been working for the [Drug and Gang] Task Force since February 2022 and is working for monetary consideration. The C.R.I. has an intimate knowledge of the controlled substances community and has been arrested for controlled substance violations in the past. The C.R.I. has provided [the Task Force] reliable information and performed multiple controlled buys for the task force for controlled substances.

Nagle's argument that more details about the confidential reliable informant's track record should be required to conclude the CRI here was reliable is contrary to our case law. Here, although the showing could be stronger, we conclude the information presented in the warrant application and the reasonable inferences that can be drawn from that information established the reliability of the CRI.

[6] Recent personal observation—the type in the warrant application here—is "the preferred basis for an informant's knowledge." *Wiley*, 366 N.W.2d at 269. Accordingly, the warrant application sufficiently demonstrated the CRI's first-hand basis of knowledge.

The entirety of the information presented in the warrant application that related to whether contraband or evidence of a crime would be found in Nagle's house at the time of the search was that "within the last 72 hours, [the CRI] had been over to [Nagle's house] and had observed meth pipes inside the house and people smoking meth." On its face, the limited observations of the CRI constituted a single occurrence of drug use by an unknown number of people. This limited observation, by itself, did not establish a fair probability that drugs would still be found in Nagle's house at the time of the search. The tip did not include, for instance, observations of more drugs in the house beyond what was being used at the time or other indications of ongoing criminal activity. Having considered the totality of the circumstances—the limited, uncorroborated observations of the CRI presented in the warrant application and the reasonable inferences that can be drawn from the information—we conclude the warrant application failed to establish a fair probability that drugs would still be found in the house 72 hours after this one-time occurrence of observed drug use.

Our conclusion that the search warrant here is not supported by probable cause is consistent with our case law, which suggests that more information is required to establish a fair probability that evidence of a crime will be found in the place at the time of the search. For instance, in *State v. Wiley*, the confidential reliable informant whose tip formed the basis for the search warrant application had observed evidence of crime in the house on numerous occasions, suggesting ongoing criminal activity. 366 N.W.2d at 268. The confidential reliable informant's tip included observations of "15–20 handguns and rifles in a cardboard box," specific types of narcotics, as well as stolen stereos and televisions.

13

*Id*. at 268. Based on the totality of the circumstances, we concluded that the search warrant in *Wiley* was supported by probable cause. *Id*. at 269.

In contrast to *Wiley*, the scant information presented in the warrant application here did not establish probable cause. Unlike *Wiley*, the CRI described being in the house on only one occasion, and the CRI's limited observations did not suggest any ongoing criminal activity at the house. Considering the totality of the circumstances here, the warrant application described one observation of drug use with little information and no indication of ongoing criminal activity. The limited, uncorroborated observations of the CRI presented in the warrant application are a far cry from cases in which we have upheld a search warrant, like *Wiley*.

Although our preference for warrants requires us to defer to the issuance of the warrant in close cases, this is not such a close case. On these facts, we conclude that the totality of the circumstances did not establish a fair probability that contraband or evidence of a crime would be found in Nagle's house. Accordingly, the court of appeals erred when it affirmed the district court's denial of Nagle's suppression motion.

## CONCLUSION

For the foregoing reasons, we reverse the court of appeals' decision and remand to the district court for further proceedings consistent with this opinion.

Reversed and remanded.